# Neely *v.* Henry.

*Action on Promissory Note, by Assignee against Maker.*

1.  *Liability of property to payment of debts.*—In the absence of statutory and constitutional exemptions, property of every kind, and every beneficial interest therein, may be subjected to the payment of the owner's debts; and property subsequently acquired is, under the provisions of the Federal constitution, equally liable with that owned by the debtor when the debt was created.

2.  *Waiver of exemption.*—A waiver of exemptions, when intended to apply only to a part of the property exempted, must specify the part to which it is intended to apply; but, when the waiver is of all exemptions, or all claim of exemption, no specification of the property is necessary.

3.  *Same.*—A waiver of all exemptions, or of all claim of exemption, by a married man, though not valid as to the homestead without the signature of the wife (Code, §§ 2847), will be held valid and operative as to the exemptions of personal property, *ut res magis valeat quam pereat.*

4.  *Same.*—A waiver of all exemptions, incorporated in a promissory note as a part of its consideration, when not expressly limited to property then owned by the debtor, applies equally to property afterwards acquired by him.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. LOUIS WYETH.

This action was brought by Albert G. Henry, against John H. Neely; was commenced on the 4th August, 1879, and was founded on a promissory note, signed by the defendant, of which the following is a copy:

"$134.34.  Guntersville, Ala., January 1st, 1877.  One day after date, I promise to pay A. G. Henry & Co. one hundred and thirty-four 34-100 dollars, for value received; and as part of the consideration, I hereby waive all and every right which I may have, under the constitution and laws of Alabama, to have any property exempt from levy and sale under legal process; it being the true intent and meaning of this waiver of exemption, to subject my property to the payment of this note in full, of principal and interest."

The defendant craved oyer of the note, and filed five special pleas, as follows: 1. "So far as the alleged waiver of exemption, purporting to be embraced in said promissory note, is concerned, that he is, and was when he signed said note, a resident citizen of the State of Alabama, and the husband of a wife then and now living; that said waiver relates to real property, and is not signed by his wife, and attested by a subscribing witness; and that no property is specified in said instrument, the right to sell which is waived." 2. "That the said pretended waiver of exemption is not in

an instrument separate from the promissory note." 3, "That no property is specified in said alleged waiver of exemption." 4. "That he now owns no property which he owned at the date of the said note, except one bedstead (for which he does not resist the rendition of an order of sale); but he has acquired all the property he now owns, with said exception, and with the exception specified in the affidavit herewith filed as a part of this plea, marked 'Exhibit C,' since the execution of the said note; and he says that the said paper, sued on in this action, does not waive his right to claim, as exempt from sale by legal process, the property thus acquired." 5. "That all the property he now owns is situated as stated in the last preceding plea; and that he had no inchoate right to any of the same when the said note was executed." The court sustained a demurrer to each of these pleas,; and the cause was then submitted to the jury on issue joined, but upon what plea the record does not show.

The jury having returned a verdict for the plaintiff, for the amount due on the note, the court thereon rendered judgment in his favor, in the usual form. The bill of exceptions then proceeds thus : " Plaintiff now moves for a judgment, in accordance with section 2849 of the Code of Alabama, directing the sheriff to sell personal property of the defendant that is exempt from execution, for the satisfaction of said judgment; and defendant objects to the same, on the grounds, and for the reasons specified and relied on in his said pleas filed in this cause. The facts of the case are agreed to be the following: All the property defendant now owns has been acquired by him since the execution of the said promissory note, except one bedstead, the sale of which is not resisted under said judgment. Defendant owns no real estate. The facts stated in the pleas, and in the affidavit marked 'Exhibit C,' are agreed to be true. Thereupon, the court grants the plaintiff's motion, and renders judgment accordingly, to which the defendant excepts," &c.

The several rulings of the court on the pleadings, and the judgment, are now assigned as error.

D. P. LEWIS, for appellant.—1. The contract of waiver is void, because it does not specify the part of the debtor's property to which it applies. This is the requisition of the statute (Code, § 2847), and it is as necessary to the validity of the waiver as that it should be in writing. The waiver is void, also, for uncertainty, because it specifies no property as the subject-matter to which it relates.—*Moore v. Smith*, 19 Ala. 774; *Erwin v. Williams*, 25 Ala. 236. A specific per_

[Neely v. Henry.]

formance of it could not be enforced, because of its uncertainty.—Pomeroy on Contracts, §§ 159-60, and notes.

2. If the contract is not void, a proper and reasonable construction of it would make it apply only to the property which the debtor then owned. The laws of force at the time a contract is made, enter into it, and form part of its stipulations.—1 Brick. Dig. 908, 255; *Sneider v. Heidelberg*, 45 Ala. 126; Smith on Homestead Exemptions, § 15, and cases cited. A grant shall not be taken unreasonably against the grantor, although construed liberally in favor of the grantee.—2 Parsons on Contracts, 506, citing 1 Plowden, 161. As exemption laws are construed liberally in favor of the debtor, it would be unreasonable to construe a waiver of exemption strictly against him, or to extend its operation by construction. Besides, property must be *in esse*, or at least in process of being created, before it can be the subject-matter of a contract.—*Cooper v. Douglass*, 44 Barbour, 409; *Williams v. Briggs*, 23 Amer. 578. A creditor may lay hold of what his debtor has acquired, but not of his power to acquire; and no contract will be construed to convey such an oppressive right.—44 N. Y. 343; 33 N. Y. 518; 22 N. Y. 249.

3. The judgment and execution, as well as the contract, must specify the property which the sheriff is authorized to sell, as in a judgment against the separate estate of a married woman.—Code, § 2849. But the judgment here specifies no property, and directs a levy on all the personal property of the defendant, without limitation or restriction, and subjects any property he may acquire until the debt is paid. This is against the policy of the exemption laws.—22 N. Y. 249.

THOS. H. WATTS, *contra.*—No question can arise as to the right of a debtor to waive his exemptions, whether statutory or constitutional. The right of waiver is expressly provided for, and is as broad as the right of exemption. The waiver in this case is very general in its language, and shows an intention to waive any and every exemption, present or prospective. It could not apply to or include the homestead, nor was it intended to do so; but no question of homestead is involved, as the debtor had none, and the judgment is limited to personal property. It was not necessary to specify any particular property, as the subject of the waiver; for the intention evidently was to waive the right of exemption in any and all property. A specification of the property is necessary only when the waiver is partial.

BRICKELL, C. J.—In the absence of statutory or con-

[Neely v. Henry.]

stitutional exemptions, the law subjects to the payment of debts any and every beneficial interest of the debtor in property, real or personal, whether the interest is legal or equitable, held severally, jointly, or in common with others. Nor is there any intendment that the parties have in view only the property which the debtor may own at the time of entering into a contract, or to which he may then have an inchoate right. Subsequently acquired property is as liable to the payment of debts, as that the debtor may own at the time of creating a debt. A State law, which sought to release such property from liability for the payment of past debts, would impair the obligation of contracts, and violate the constitution of the United States.—*Sturges v. Crowninshield,* 4 Wheat. 198; *Nelson v. McCreary,* 60 Ala. 301.

The constitution makes liberal exemptions of property, real and personal, from liability for the payment of debts, but declares, "The right of exemptions, hereinbefore secured, may be waived by an instrument in writing; and when such waiver relates to realty, the instrument must be signed by both the husband and the wife, and attested by one witness." Statutes have been passed to regulate the mode of waiving, and suits and judgments upon contracts as to which the right of exemption has been waived, and are now embodied in the Code, forming the second chapter of part two, title 6, sections 2846-50. It is first provided, generally, that the claim of exemption may be waived by an instrument in writing; secondly, that any person, entering into a written contract to perform service or work, or to pay money or property, may, by stipulation in writing, waive homestead, and other exemptions under the provisions of the preceding chapter (which defines the extent of the exemptions, adding to those made by the constitution), either in whole or in part, specifying the part to which the waiver relates; but, if the waiver is by the husband, and of the homestead, or any part thereof, it is not valid without the voluntary signature and assent of the wife, &c. It is next provided, that where the purpose is to waive the exemption as to personal property, if the intention to waive is clearly expressed, it may be included in *any instrument of writing, bill of exchange, promissory note,* or contract; but, if the waiver is of real estate, it must be made by a separate instrument in writing.

The note on which the present suit was founded, was given by a married man, and contains this clause: "I hereby waive all and every right which I may have, under the constitution and laws of Alabama, to have any property exempt from levy and sale under legal process; it being the true intent and meaning of this waiver of exemption, to sub-

ject my property to the payment of this note in full, of principal and interest." The validity of this waiver is questioned upon several grounds; the first of which is, that the part of the debtor's property, to which it applies, is not specified. A specification of the property is necessary, when the waiver extends to a part. It is the right of the debtor to waive the exemption as to a part, or as to the whole of the property. If the waiver extends only to a part, the part must be specified, so that the property which becomes subject to the payment of the debt, may be identified, and distinguished from that which is not liable. When the waiver is of *all claim of exemption*, as in the present case, there can be, of course, no specification of particular property. The constitution and statute confer an unqualified right on the debtor, to waive not only the exemption of particular property, but *the claim for the exemption of any property which is now, or may be, exempted from sale on execution or other process.*

It is next insisted, that the waiver is not valid, because it is in terms broad enough to include the homestead, and is embodied in the promissory note, which is not signed by the wife of the debtor. A waiver of exemption is a contract, and it must be construed, and have the operation and effect of other contracts. As a waiver of the claim to a homestead, or other realty, the clause found in the note is without operation or effect, not only for the want of the signature of the wife, but because the statute prescribes a separate instrument, as the only mode of waiving an interest in lands. This, however, is not a reason for pronouncing the waiver invalid, but a reason for reading its general words as intended by the parties to operate only on the claim of exemption of personal property. There is no rule of construction of written instruments, of more general application, or more beneficial in giving effect to the intention of the parties, than that it shall, if possible, be so interpreted *ut res magis valeat quam pereat;* and where a contract cannot operate in the precise manner, or to the full extent, intended by the parties, it shall, nevertheless, be made as far as possible to effectuate that intention. The intention to waive his claim of exemption, as far as he could do so by a clause inserted in a promissory note, is clearly expressed. It was doubtless on the faith of the waiver credit was extended to him. The purposes of justice, the intention of the parties, are answered by simply interpreting it as a waiver of the claim of exemption of personal property.

The waiver may, as in this case, be broad enough in its terms to embrace not only property owned at the time of making it, but subsequently acquired property: it may be as

[South and North Alabama Railroad Co. v. McLendon,]

broad as the right of exemption; and that is not limited to property owned when the debt is contracted, but attaches to subsequently acquired property, as ownership may vest in the debtor. We have noticed the several objections taken to the validity of the waiver, and concur with the Circuit Court, that they cannot be sustained.

Let the judgment be affirmed.