# Wagnon *v.* Keenan.

77　519<br>101　432

*Action on Promissory Note, by Assignee against Maker.*

1. *Waiver of exemptions.*—A waiver of all exemptions, contained in a promissory note, though inoperative as to the homestead (Code, § 2848), is valid and effectual as to personal property.

2. *When appeal lies.*—When the minute-entry, as set out in the record, recites only the verdict of the jury, and the award of an execution thereon, the appeal will be dismissed by the court, *ex mero motu*, because there is no judgment which will support it.

[Wagnon v. Keenan.]

APPEAL from the Circuit Court of Colbert.

The record does not show the name of the presiding judge.

This action was brought by James E. Keenan, against John Wagnon, and was commenced on the 12th February, 1884. The cause of action, as set out in the original complaint, was a "waive note" executed by the defendant, dated the 4th February, 1878, and payable one day after date, to Keenan & Co.; but, in the amended complaint, a count was added on another note under seal, signed by the defendant and one A. J. Wagnon, dated March 21st, 1879, payable one day after date, to the order of Keenan & Co. The first note contained a waiver of exemptions, expressed in these words : "I waive, as against this note, all rights of exemption to real and personal property, under the constitution and laws of Alabama;" and the second contained a similar waiver, signed by both of the makers. The only judgment shown by the record is in these words : "Came the parties," &c., "and issue being joined, thereupon came a jury," &c., "who, on their oaths, do say, we, the jury, find for the plaintiff, and assess his damages at $247.90, besides costs; for which let execution issue. And it appearing that the defendant, in the note, the basis of this suit, waived the exemptions secured to him by law and the constitution, it is ordered that the clerk indorse said waiver on said execution." The defendant appeals, and assigns various errors; and there is a joinder in error by the appellee.

JAMES JACKSON, for appellant.

J. T. KIRK, *contra.*

CLOPTON, J.—The waiver of of exemptions in the bond sued on extends, in terms, to real and personal property. As a waiver of the homestead, it is inoperative, by reason of the mandatory provision of the statute, that when the waiver relates to realty, it shall be made by a separate instrument in writing. This, however, does not render the entire waiver invalid and inoperative. If the waiver clause in the bond can not operate to the extent designed by the parties, it must be made to operate as far as possible to effectuate their intention. The clause is operative as a waiver of the exemptions of personal property. *Neely v. Henry*, 63 Ala. 261; *Terrell v. Hurst*, 76 Ala. 588. The proper judgment-entry in such case will be found in *Brown v. Leitch*, 60 Ala. 313.

The appeal must be dismissed. The verdict of the jury is sent up with the record, but there is no judgment rendered by the Circuit Court thereon. The plaintiff, in whose favor the verdict was returned, can not proceed, until he has, by motion to

[Acklen v. Goodman.]

the Circuit Court, judgment rendered on the verdict, *nunc pro tunc.*—*Hall v. Cannon*, 9 Por. 274. There is no judgment which we can affirm, reverse, or amend without a reversal; and we are compelled to dismiss the appeal, *ex mero motu.*

Appeal dismissed.