# Holland *v.* Bergan.

*Action on Promissory Note, by Payee against Maker.*

1. *Waiver of exemptions; where operative.*—A stipulation in a promissory note executed in Georgia, by a resident citizen of Alabama, waiving all homestead rights and exemptions allowed to him "by the laws, State and Federal, in all property, real or personal, now owned, or afterwards acquired, until this debt is paid," is a valid waiver of exemptions of personalty, *it seems*, in Alabama, or in any other State in which the debtor may reside and be sued.

2. *Presumption as to place where note is executed.*—A promissory note, dated at Columbus, Georgia, is presumptively signed and delivered there, without the aid of extrinsic evidence.

3. *Error without injury in exclusion of evidence.*—The exclusion of evidence offered to prove a fact which the law presumes without proof, or of evidence the admission of which would only be prejudicial to the party offering it, is not a reversible error.

APPEAL from the Circuit Court of Lee.
Tried before the Hon. JAS. R. DOWDELL.

J. J. ABERCROMBIE, for appellant.

SOMERVILLE, J.—The language of the note sued on, so far as it relates to the waiver of exemptions, reads as follows: "I hereby, for myself and family, expressly waive all homestead rights and exemptions, which *by the laws, State and Federal,* are allowed to me and my family in any of said described property, and all other property, real or personal, which I now own, or may hereafter own or acquire, until this debt is fully paid." The instrument also contains an additional clause waiving exemption of wages from garnishment.

The court entered judgment declaring the waiver operative

against all personal property of the defendant.—Code, 1886, § 2570; *Terrell v. Hurst*, 76 Ala. 588; *Wagnon v. Keenan*, 77 Ala. 519.

It is contended by appellant that, as the note was executed in the State of Georgia, the waiver of exemptions must be construed to have reference only to the laws of that State, and not to the laws of Alabama. If we felt authorized to decide this point, we are inclined to the view that the waiver would be good against any claim of exemption to personalty in any State of the Union, where the debtor might reside, and be sued. But the record does not necessarily raise this precise question. The only error assigned is a single one based on the exclusion of certain evidence offered by the defendant, by which he proposed to prove that the note was signed and delivered in Columbus, Georgia, and that the defendant then, and on the day of the trial lived in Lee county, Alabama. The exclusion of this evidence was of no possible injury to the defendant. The note being dated in Columbus, Georgia, was presumptively signed and delivered there, without any extrinsic proof of this fact. And the fact of the defendant's residence in Alabama tended, rather than otherwise, to corroborate the view of the trial court, that the waiver of exemptions referred to the laws of Alabama—the forum of his residence, where he was liable to be sued, and where the claim of exemption would probably arise and be litigated.

The ruling of the court on this point, therefore, if error, was error without injury to the appellant.

Affirmed.