# Seay *v.* Palmer.

*Action on Promissory Note, by Payee against Maker.*

1. *Waiver of exemptions in note executed in Georgia.*—When suit is brought in Alabama, on a promissory note executed in Georgia, where the parties resided and the note was made payable, a waiver of exemptions in these words, "all rights of exemption and homestead are hereby expressly waived," will be construed to refer only to the rights of exemption allowed by the laws of Georgia, and the waiver will not be incorporated in the judgment.

APPEAL from the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

This action was brought by John J. Seay against W. A. Palmer, and was commenced on the 18th July, 1890. The action was founded on the defendant's promissory note for $190.70, which was dated at Rome, Georgia, November 6th, 1889, payable to plaintiff thirty days after date, at the First National Bank of Rome, Georgia, and it contained a waiver of exemptions, which is copied in the opinion. The court refused to incorporate any waiver in the judgment, and this ruling, to which the plaintiff excepted, is here assigned as error.

BROTHERS, WILLETT & WILLETT, for appellant, cited *Holland v. Bergan*, 89 Ala. 622.

McLEOD & TUNSTALL, *contra*, cited *Railroad Co. v. Kennedy*, 83 Ala. 462; *Boykin v. Edwards*, 21 Ala. 261; *Carson v. Railway Co.*, 17 A. S. R. 921; *Drake v. Railway Co.*, 13 A. S. R. 382; *Nelson v. McCrary*, 60 Ala. 301; *Cochran v. Miller*, 74 Ala. 50; *Keel v. Larkin*, 72 Ala. 493; *Blum v. Carter*, 63 Ala. 235; 54 Ala. 443.

CLOPTON, J.—The waiver of exemptions as to personalty is averred in the complaint, which counts on a note. The court, to whom the case was submitted without a jury, gave judgment in favor of plaintiff, for the amount due on the note, but refused to declare in the judgment the fact of waiver and

its extent, under section 2570 of the Code. The waiver is included in the note; its language is, "and all rights of exemption and homestead are hereby expressly waived by the makers, sureties and indorsers of this note." The refusal of the court to declare the waiver in the judgment is based on the undisputed fact, that the note was made, and the parties resided at the time, in the State of Georgia. The question, therefore, is, whether, in a suit on the note, the courts of this State will enforce such a waiver of the right to exemptions.

No statute of Georgia, in reference to exemptions, having been put in evidence, ordinarily the presumption would be, that the common law prevails, which allows the debtor no exemptions of property from sale under execution. But, as the rigorous rule of the common law is now the exception, and indulging the presumption in favor of the validity of the agreement of waiver arising from its inclusion in the note, we shall assume that exemptions are allowed, and waiver thereof authorized, by the laws of Georgia. Inspection of the statutes is material only as they may aid in the proper construction of the waiver.

A waiver of exemptions, made at the time the debt is contracted, has been held to form a part of the original contract, supported by the same consideration on which rests the liability to pay; and hence, must be construed and have operation and effect as other contracts.—*Neely v. Henry*, 63 Ala. 261. The well settled principle of inter-state comity, that the validity, interpretation, and obligatory force of contracts, depend on the law of the place where made, being also the place of performance, and will be accordingly enforced by the courts of other States, if not repugnant to its laws and policy, applies to such parts of the contract as are of the essence of the personal liability and obligation, which determine and regulate the rights of the parties. But, as to such portions of the contract as pertain to and affect the remedy, the principle is applicable, that all matters pertaining to the remedy, and the proper course of enforcing the contract, are determinable by the law of the place where the suit is brought; for the courts will not enforce such part of a contract as limits, modifies or enlarges the remedy, any more than they will enforce the remedial statutes of another State. Whether the waiver comes within one or the other of these principles, depends upon its nature. Laws exempting a portion of a debtor's property from levy and sale under execution are generally regarded as limitations upon the remedy—remedial statutes, which have no extra-territorial operation—and an agreement to waive the right of exemption operates to remove the lim-

itation, and subject all the debtor's property to levy and sale under execution or other process, as at common law. The part of the contract waiving all rights of exemption affects only the remedy. Therefore, if the waiver included in the note sued on was not intended to have reference to the exemption laws of this State, comity would not require its enforcement. If it was so intended, then its enforcement would depend on the principles which govern where a contract, made in one State, is to be performed in another.

This brings for consideration the construction of the waiver, which constitutes the real contestation between the parties. Appellant contends that the waiver had reference to, and embraces exemptions to which defendant might subsequently become entitled, by removal to, and residence in another State. Appellee contends, that it should be construed as having reference only to the exemptions allowed by the laws of Georgia, where the note was made, and the parties resided. In *Holland v. Bergan*, 89 Ala. 622, it was contended, that the waiver in the note, which was made in Georgia, was valid against any claim of exemption, in a suit thereon in this State. The question was not decided, but it was observed in the opinion rendered: "If we felt authorized to decide this point; we are inclined to the view, that the waiver would be good against any claim of exemption to personalty in any State of the Union, where the debtor might reside and be sued." On this expression in the opinion appellant relies in support of the contestation on his part. The terms and comprehensiveness of the waiver in that case are different from that involved in the present suit. It extended to all exemptions allowed "*by the laws, State or Federal,*" and to all the property which the debtor then owned, or might thereafter own or acquire, until the debt was fully paid. Besides, though the note was made in Georgia, the maker resided in Alabama. The fair inference was, that the waiver had reference to the exemptions to which the maker of the note was entitled by the laws of the place of his residence, and where he would probably be sued. Parties are presumed to contract in reference to the laws of the country where the contract is made, and is to be performed. Intention to contract in reference to the laws of any other State or country must be expressed, or clearly implied; else the presumption will prevail. The terms in the waiver included in the note sued on may be comprehensive enough to embrace not only the property then owned by defendant, but also subsequently acquired property —as broad as the right of exemptions. The terms are: "And all rights of exemption and homestead are hereby expressly

[Love v. Porter.]

waived." There is, however, nothing in these terms indicating a reference to the exemption laws of any State other than Georgia; nothing indicating an intention to exercise the right of waiver authorized by the statutes of this State, which applies only to the right to an exemption in property exempt by the laws from levy and sale under execution or other process. The waiver refers to present and existing rights. Defendant, not being a resident of Alabama at the time it was made, was not entitled to any exemptions under the laws of this State. To construe it as embracing possible prospective rights to exemption, which had at the time no potential existence—a mere possibility, or expectancy, not coupled with any right *in esse*—would be an unwarranted extension of the express terms of the waiver. Considering its language, the place of the contract, residence of the parties, and the laws in reference to which they are presumed to have contracted, it reasonably appears that, within the meaning and intention of the parties, the waiver had reference only to rights of exemption under the laws of Georgia.

Affirmed.