[Heyward Bros. & Co. v. Phillips Buttoff M'fg. Co.]

# Heyward Bros. & Co. *v.* Phillips Buttoff M'fg. Co.

### *Trial of Right of Property.*

*Trial of right of property strictly statutory.*—After personal property in the hands of a garnishee is condemned to the satisfaction of the judgment, and is delivered by the garnishee to the bailiff, one not suggested by the garnishee as a claimant can not interpose by affidavit and try the right of property as in cases of levy by attachment.

APPEAL from Birmingham City Court.
Tried before Hon. H. A. SHARPE.

JOHN H. MILLER and F. E. BLACKBURN, for appellants, cited *Cleveland v. State*, 34 Ala. 258 ; *Tellinghast v. Johnson*, 5 Ala. 514 ; *Carey v. Gregg*, 3 Stew. 433 ; *Barber v. Ferrill*, 57 Ala. 446 ; Drake on Attachment, § 453 ; Endlich on Statutes, § 351.

DICKINSON & KERR, for appellee. No brief on file.

HARALSON, J.—This was an attachment suit before a justice of the peace, by Phillips Buttoff Manufacturing Co., plaintiffs, v. Rich's Southern Furniture Company, defendant, a firm composed, as stated, of Herman Rich, in which suit the Richmond & Danville Railroad Co. was summoned to answer as garnishee. A trial was had on the 20th January, 1892, and a judgment rendered against the defendant for $99.50. On the same day the garnishee answered, admitting the possession of fifty-four bundles of chairs, consigned to Herman Rich, of the firm of Rich's Southern Furniture Co. No suggestion of notice of a claim to the property by any other person was made by the garnishee in its answer. The justice gave judgment against the garnishee for the chairs, assessing their value at $49.50, and condemning them to the satisfaction of the judgment against the defendant. The property was delivered by the garnishee to the constable of the court, and an order of sale was made by the justice, and the property advertised for sale.

On the 5th of February, 1892, Heyward Bros. & Co. inter-

posed a claim before the justice to the property, and executed a forthcoming bond.

The cause was set for trial, which was had, and a judgment was rendered for the plaintiff and against the claimant in this claim suit.

An appeal was prosecuted from this judgment to the City Court, where, on motion of the plaintiff's, the cause was dismissed, "on the ground that the statute does not provide for the introduction of a claimant to try the right of property except on suggestion of the garnishee, when such garnishee answers admitting the possession of personal property belonging to defendant." This ruling of the court is assigned as error.

When an attachment, returnable before a justice of the peace, is executed by a levy on, and seizure of personal effects of defendant, if any one claims the property, he may try the right to it, before a sale thereof, by making affidavit and bond as prescribed by § 3365 of the Code, when an issue between the plaintiff and the defendant must be made up and tried as prescribed by § 3366. Such a proceeding is a suit, in which the plaintiff is the actor, and the claimant is the defendant.—*Treadway v. Treadway*, 56 Ala. 391; *McAdams v. Beard*, 34 Ala. 478. This is one mode of making the suits of attachment available for the plaintiff, and of adjudicating the right of the claimant to the property attached.

The statute prescribes still another proceeding, when the attachment has been executed by summoning a garnishee, who is required to answer according to the terms of the garnishment.

This proceeding is, also, in its nature and effect, the institution of a suit by a creditor or against the debtor of his debtor.—*Harris v. Miller*, 71 Ala. 32. It is of purely statutory origin and design, as is also a claim suit, and its prosecution must be conducted as prescribed by statute.—*Henderson v. Ala. G. L. Ins. Co.*, 72 Ala. 38.

This is a distinct and separate proceeding from the other, where an actual levy has been made by the seizure of personal effects, but it is as complete as in the other mode, when a claim is interposed for the trial of the right to the property.—8 Amer. & Eng. Encyc. of Law, 1118.

After the service of the writ of garnishment, the money or effects in the hands of the garnishee, comes into the constructive custody of the law, differing from attachment by actual levy, in that it gives the plaintiff the right to hold the

garnishee liable for the value of the property in his posses-
sion.—*Ib.* 1198.

When, therefore, under the operation of the writ of gar-
nishment, the property in the hands of the garnishee is
brought into the custody of the court, to await the result of
the garnishment suit, it is not legal for another and different,
though kindred proceedings, to be instituted to arrest and
set aside the garnishment proceeding. This statute does
not authorize it.

The City Court committed no error in dismissing the
claim suit, and the judgment is affirmed.

Affirmed.