# Adams *v.* Green.

# Same *v.* Same.

*Petition for Mandamus.*

1. *Garnishment.*—The remedy by garnishment is, within constitutional limitations, entirely within the regulation of the legislature and must be pursued, if at all, according to statutory requirements.

[Adams v. Green.]

2. *Constitutional law; act February 21, 1893, (Acts 1892-93, p. 886.)*
Act February 21, 1893, (Acts 1892-93, p. 886,) which provides that any
party desiring to sue out process of garnishment shall make affidavit
that the debt is for necessary food for the support of defendant and
his family, or for house rent, and it shall be unlawful for any justice
of the peace to issue a garnishment on any claim when exemptions
have not been waived in writing, and that such waiver shall only be
given for such necessary food, or for house rent, so far as it relates to
contracts waiving exemptions made by such defendant before it took
effect, is in conflict with Const. Art. 4, § 56, prohibiting any law
impairing the obligation of contracts.

3. *Same; garnishment on debt waiving exemptions.*—Such act is not a
restraint on the exercise of the constitutional right to waive exemp-
tions, but is a limitation only on the right of garnishment in justices'
court to cases where defendant has waived his exemptions, and the
consideration of the contract was for bread and meat or house rent,
and is valid as to contracts made after it took effect.

APPEAL from the City Court of Anniston.
Tried before the Hon. JAMES W. LAPSLEY.

Two petitions by James G. Adams for writs of mandamus
to compel James F. Green, as justice of the peace of Cal-
houn county, Ala., to issue a writ of garnishment in each of
two separate actions, wherein said Green, as such justice,
rendered judgment in favor of plaintiff against W. H. Baker.
From a judgment in each case denying a writ of mandamus,
petitioner appeals.

These appeals bring before the court for consideration the
act of the general assembly approved February 21, 1883, en-
titled "An act to regulate the issue of garnishments and the
proceedings thereon in the counties of Jefferson, Dallas,
Calhoun, Escambia and Cleburne." (Acts 1892-93, p. 886.)
The first section of this act, which is the only one having
reference to the issue in these cases, is in the following lan-
guage: "Section 1. Be it enacted by the general asssembly
of Alabama, that any party desiring to sue out process of
garnishment, in addition to the affidavit now required by
law, shall make affidavit that the amount sought to be made
is for necessary bread and meat for the support of defendant
and his family, or for house rent, and it shall be unlawful
for any justice of the peace or notary public to issue a gar-
nishment on any claim where exemptions have not been
waived in writing, and that such waiver shall only be given
for necessary bread and meat for support of defendant and
his family, or for house rent; provided, however, the pro-
visions of this act shall not apply to garnishment for poll
tax, or other tax." This proceeding was commenced in Cal-
houn county before a notary public and ex officio justice of
the peace. In the case numbered 32, James G. Adams, as
petitioner to the judge of the City Court of Anniston, alleged

[Adams v. Green.]

in his petitition that one W. H. Baker was indebted to him in the sum of $10, evidenced by a promissory note waiving exemptions as to personal property, which was executed in Alabama on the 23d day of January, 1892, and made payable on demand; that on June 1, 1893, petitioner brought his suit on said note before James F. Creen, a notary public and ex officio justice of the peace; that summons and complaint were issued thereon; that the petitioner also made bond and affidavit as required by statute to obtain a writ of garnishment against Noble Bros. & Co., and filed said affidavit and bond with said Creen; that the said Creen declined and refused to issue said writ of garnishment. Whereupon, the petitioner prayed that a writ of mandamus be awarded, requiring the said Creen to issue the writ of garnishment against the garnishees named, as required by the statute. For answer to said petition the said Creen said that while the petitioner filed affidavit and bond, which was attached to the petition, the petitioner did not make and file an affidavit required by the act of the general assembly of Alabama, approved February, 21, 1893, to the effect, viz., that the amount sought to be recovered was for necessary bread and meat for the support of the defendant and his family, or for house rent. Upon this answer, as shown, the judge of the City Court refused to grant the writ of mandamus. The The facts of the second case, No. 33, are substantially the same, with the exception that the debt which was the foundation of the suit by said Adams against Baker before Creen was contracted on May 25, 1893, by the execution of a promissory note waiving his right of exemptions, and made payable one day after date. The allegations of the complaint were substantially the same as those contained in case No. 32. The said James F. Creen demurred to the petition on the grounds that said petition shows on its face that petitioner did not make the affidavit required by law of a party desiring to sue out a writ of garnishment, that the claim sought to be made was for necessary bread and meat for the support of the defendant and his family, or for house rent. The court sustained these demurrers, and refused petitioner's application for mandamus.

THOS. W. COLEMAN, JR., and CALDWELL, JOHNSON & ACKER, for appellant.

JAMES F. CREEN, for the appellees.

[Adams v. Green.]

HARALSON, J.—We have before us the construction of the act of the General Assembly, approved February 21, 1893 (Acts 1892-93, p. 886), entitled "An act to regulate the issue of garnishments and proceedings therein in the counties of Jefferson, Dallas, Calhoun, Escambia and Cleburne."

1. It may be properly premised, that everywhere the remedy by garnishment is wholly dependent upon statutory authorization, and it must be pursued, if at all, under statutory requisites. The legislature may allow the remedy within constitutional limitations, in the Circuit and City or Chancery Courts, or in either, and not in the justices' courts, or *vice versa*, and for different amounts, and on different conditions and limitations in the one and the other, or it may withhold the remedy altogether from any court, and no judicial complaint can be made against a statute because of the conferring or withholding the remedy, or for its limitations and restrictions, if conferred.—8 Am. & Eng. Encyc. of Law, 1098 ; Waples on Att. & Garnh. 24, 321 ; *Henderson v. A. G. S. R. R. Co.*, 72 Ala. 32; *Heyward v. Phillip-Butt-off Manfg. Co.*, 97 Ala. 533.

11. As to suits in justices' courts, the act is general, where the plaintiff desires to sue out process of garnishment, whether the contract on which the suit is based, was entered into before or after the act went into effect, and it curtails the right by garnishment, in those courts, to cases where the contracts sued on have for their consideration bread and meat—whatever those words include—for the support of the defendant and his family, or for house rent. The remedy, therefore, in such courts, as for all contracts entered into before the act went into effect, which were not based on bread and meat, for the support of the defendant and his family, or for house rent, is destroyed altogether, and for such of them as did have such considerations the remedy is changed and impaired.

The decisions of this court heretofore rendered, and those of the United States Supreme Court, referred to in those decisions, leave no escape from the conclusion that this act, as for all contracts entered into before it took effect, by its terms, violates, in the most palpable manner, section 56, Article V of our Constitution, which provides, that "There can be no law of this State impairing the obligation of contracts by destroying or impairing the remedy for their enforcement ;" and, is, therefore, void.—*Edwards v. Williamson* 70 Ala. 145; *Osborne v. Johnson Wall Paper Co.*, 99 Ala. 309.

III. The latter part of section 1 of said act provides, "And it shall be unlawful for any justice of the peace, or

[Adams v. Green.]

notary public to issue a garnishment on any claim when exemptions have not been waived in writing, and that such waiver shall only be given for necessary bread and meat for support of defendant and his family, or for house rent."

This clause cannot be fairly construed, as it has been suggested, it may be, as a restraint upon the exercise of the right to waive one's exemptions, secured by the Constitution; but, it was intended, and must be held, as a limitation, only, on the right of garnishment in justices' courts, to cases where the defendant has waived his exemptions, and the consideration of the contract was bread and meat or house rent.

In case No. 33, the contract sued on was a note for $3, dated May 25, 1883, payable by defendant one day after date, which included a waiver of exemptions. Garnishment was sought to be sued out against a debtor of defendant, in aid of the action against him. The petitioner, plaintiff in the justice's court, failed to comply with the provisions of said act, in instituting his garnishment proceeding, and the justice properly refused to issue it.

Mandamus was rightly denied by the Judge of the City Court.

Mandamus denied.

In case No. 32, the cause of action was a note for $10, payable to plaintiff by defendant on demand, dated 23 January, 1893, which note contains a waiver of exemptions as to personal property. As in the other case garnishment was sought in aid of the suit against defendant, and it is not disputed, that the requirements of the general law on the subject, to procure a writ of garnishment, were complied with, but the justice refused to grant it. Under our ruling, the requirements of the act in question did not apply in this case, and the justice should have issued the writ.

We do not deem it advisable or proper to consider questions urged on us in briefs of counsel, which may arise under this law, but do not arise in these cases.

Mandamus awarded.