# McCormick Harvesting Machine Company *v.* Vaughn.

*Garnishment proceedings.*

1.  *Garnishment; exemptions of wages of employees.*—Neither section 2938 of the Code of 1896 nor the act of February 23, 1899, amending said section and abolishing the remedy by garnishment to subject wages of employees for personal services to the amount of $25 per month, is applicable to, or impairs the right of, a creditor to force the collection by garnishment proceedings of a debt contracted prior to the adoption of the Code of 1896, and, therefore, prior to the act amending the said section of the Code.

2. *Exemption; definition of personal property as used therein.*
Wages, salary or compensation due for personal services are
personal property within the meaning of the exemption laws.

3. *Same; right to subject wages to payment of debt by garnish-
ment.*—Where a judgment, founded upon a note executed prior
to the adoption of the Code of 1896, and waiving all right of
exemption under the constitution and laws of Alabama, con-
tains a recital that the defendant is entitled to no right of
exemption as to such judgment, garnishment may be re-
sorted to to enforce the payment of said judgment by sub-
jecting thereto wages, salary or compensation due the de-
fendant for personal services, though less than $25 par
month.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. H. C. SPEAKE.

At the spring term of the circuit court of Lawrence
county the McCormick Harvesting Machine Company
recovered a judgment against A. T. Vaughn in the sum
of $82.10. On July 12, 1900, the said McCormick Har-
vesting Machine Company, by its representatives, sued
out a writ of garnishment upon said judgment, and this
writ was served on July 16, 1900, upon the Southern
Railway Company. In response to the service of the
writ of garnishment, the Southern Railway Company
filed its answer in which it set forth that A. T. Vaughn,
the defendant in the judgment, was in the employ of the
garnishee as its depot at one of the stations along its
line of road; that by virtue of the contract between it
and the said Vaughn, he was to be paid a commission
on the receipts of the business of the garnishee at said
station; and that the commissions were payable
monthly; that at the time of the service of the writ of
garnishment the garnishee was indebted to said Vaughn
the following amounts: For the month of May, 1900,
$2.47; for the month of June, 1900, $7.15; for the month
of July, 1900, $6.75; and that the commission due
Vaughn for the month of August had not, at that time,
been ascertained. Thereupon, the defendant, Vaughn,
moved the court to set aside the writ of garnishment
and discharge the garnishee upon the grounds that in
its answer it is shown that Vaughn was in the employ
of the garnishee, and that the sums of money admitted

in the answer to be due Vaughn were shown to be the wages, salary or other compensation for personal services rendered by Vaughn to said railway company, and did not exceed the sum of $25 per month, and are, therefore, exempt from the levy of garnishment; and hence, the levy of the writ of garnishment in the present case was null and void. To this motion the plaintiff filed a replication in which it was averred that said judgment was recovered upon two notes, executed by Vaughn to it, bearing date of November 11, 1895, and August 17, 1896, respectively; that in each of said notes defendant waived all o this rights of exemption under the constitution and laws of Alabama, and said judgment upon which the garnishment was founded contains a recital that as to said judgment the defendant is entitled to no exemption of personal property; and that the writ of garnishment in this case shows on its face that it was founded upon a judgment containing such waiver of exemption; and that, therefore, the defendant is not entitled to any exemption of personal property as against the debt fixed by the judgment, and is not entitled to have the garnishment set aside. To this replication the defendant demurred upon the following grounds: 1. The said replication of the plaintiff does not aver that, in his said notes, the defendant waived his right of exemption as to his wages, salary or compensation for his services. 2. The answer avers that the defendant waived his right of exemption generally and fails to aver that the defendant by the terms of said note or otherwise, waived his exemption as to wages, salary or other compensation for personal services rendered by him. The court sustained this demurrer, and refused, on motion of the plaintiff, to continue the cause until the next term of the court for further answer to the garnishment; thereupon the plaintiff declined to plead further, and the court rendered a judgment granting the motion of the defendant, discharged the levy of the writ of garnishment and discharged the garnishee.

To this judgment the plaintiff duly excepted. The plaintiff appeals, and assigns as error the rendition of the judgment discharging the levy of the writ and discharging the garnishee.

G. O. CHENAULT, for appellant, cited *Enzor v. Hurt,* 76 Ala. 595; *Kennedy v. Smith,* 99 Ala. 83; *Bibb v. Janey,* 45 Ala. 329; *Alley v. Daniel,* 75 Ala. 403; *Borden v. Bradshaw,* 68 Ala. 362.

J. H. BRANCH, *contra.*

TYSON, J.—The debt sought to be enforced by the writ of garnishment in this case arose out of a contract executed prior to the adoption of the present Code, and, therefore, prior to the act of February 23, 1899, amending section 2038 of the Code, abolishing the remedy by garnishment to subject wages, salaries or other compensation of laborers or employes for personal services to the amount of twenty-five dollars per month.—Acts, 1898-99, p. 37. Neither section 2038 nor the act can have the effect to impair the plaintiff's right to enforce his demand in this proceeding.—*Adams v. Green,* 100 Ala. 218, and cases cited. So, then, the single question here presented here is, whether the defendant in garnishment waived the exemption of wages, salary or compensation secured to him by section 2512 of the Code of 1886 in force at the time of the execution of the notes by him.

It appears that these notes, which were reduced to judgment in 1897, upon which the writ of garnishment was issued, contained a stipulation by which the defendant waived all of his exemption rights under the constitution and laws of this State, and that the judgment contains a recital to the effect that as to it, the defendant is entitled to no exemption of personal property. This recital is conclusive upon the defendant and conclusively adjudges that he is entitled, as against the debt recovered in it, to no exemptions of personal property. Wages, salary or compensation admitted to be due to him by the garnishee in its answer is personal property within the meaning of the exemption laws.—*Enzor v. Hurt,* 76 Ala. 595; *Kennedy v. Smith,* 99 Ala. 83.

The court erred in discharging the garnishee. We will not render judgment as it appears from the answer of garnishee that it may be indebted in future to the defendant. The amount of such indebtedness, how-

ever, not being determinable without further answer, we will reverse the cause.

Reversed and remanded.