(112 So. 911)

## COFFMAN v. FOLDS. (6 Div. 882.)

Supreme Court of Alabama. April 21, 1927.

**1. Bankruptcy ⊚⇒152—After election of trustee, title, possession, and ownership of bankrupt's property is transferred to the trustee.**

After election of a trustee, the original title, possession, and ownership of bankrupt's property is in effect transferred to the trustee, who holds property subject to liens and exemptions provided by law.

**2. Bankruptcy ⊚⇒101—Until election of trustee, bankrupt has title to property sufficient to authorize suit on any cause of action otherwise possessed by him.**

Until election and qualification of a trustee, bankrupt has a superior yet defeasible title to his property which is sufficient to authorize suit on any cause of action otherwise possessed by him.

**3. Bankruptcy ⊚⇒156—Trustee may intervene in suit commenced by bankrupt after adjudication and before election of trustee, and avail himself of rights and priorities.**

Trustee in bankruptcy may intervene in any suit commenced by the bankrupt after his adjudication and before election of the trustee, and avail himself of rights and priorities if thereby acquired as to the trust property.

**4. Bankruptcy ⊚⇒156—Right of trustee to intervene in bankrupt's suits is limited to trust properties which are subject to distribution to creditors.**

Right of trustee to intervene in suit commenced by bankrupt after adjudication and before election of trustee is limited to trust properties that are subject to distribution to creditors, and does not pertain to personal right not cognizable by the Bankruptcy Act or over which it has no control.

**5. Exemptions ⊚⇒150—Evidence of plaintiff's possession of cow and whether it was selected by him as exempt from levy of execution held for jury (Code 1923, § 7966).**

In action by bankrupt after filing involuntary petition in bankruptcy but before election of trustee against constable for wrongful levy of execution on plaintiff's only milk cow, where evidence of plaintiff's possession of the cow in pasture of another person and whether it was his only cow and was selected by him under Acts 1915, p. 916, amending Code 1907, § 4237, now Code 1923, § 7966, providing that waiver of exemption of cow selected by debtor shall not apply to levy of execution, was for jury, it was error to give general affirmative charge for defendant.

**6. Exemptions ⊚⇒150—Affirmative charge for defendant held error, where inquiry was whether debt was contracted after enactment providing levy on cow selected is void (Code 1923, § 7966).**

In action against constable for wrongful levy of execution on plaintiff's only milk cow, general affirmative charge for defendant held error, where pertinent inquiry was time when debt was contracted, whether before or after enactment of Code 1923, § 7966, providing levy of execution on milk cow selected by debtor for debt contracted after September 28, 1915, shall be void.

**7. Constitutional law ⊚⇒180—Exemptions ⊚⇒90—Act adding to personal exemptions property to be selected by debtor held not invalid as restraint on right to waive or contract (Code 1907, § 4237, as amended by Acts 1915, p. 916; Const. 1901, § 22, Const. U. S. art. I, § 10, cl. 1).**

Code 1907, § 4237, as amended by Acts 1915, p. 916, adding to general personal exemptions properties selected by debtor that for reasons of public policy may not be taken from him by attachment or execution, though waived in note bond or evidence of indebtedness, is a limitation of remedy and is not invalid, in view of Const. 1901, § 22, and Const. U. S. art. 1, § 10, cl. 1, as restraint on right to waive or contract.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Action by C. R. Folds against J. M. Coffman, in which there was verdict for the defendant. From a judgment granting plaintiff's motion for a new trial, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Count 1 of the complaint is as follows:

"Count 1. The plaintiff claims of the defendant the sum of $1,000 damages for the wrongfully taking the following goods and chattels, the property of the plaintiffs, viz.: 1 milch cow which was the only milch cow the plaintiff had, and as a proximate consequence plaintiff avers that he was deprived of the use of said milch cow for a long time, that he was greatly humiliated, inconvenienced, embarrassed, and annoyed, and that he, his wife, and three small children were compelled to do without milk for several days, and was caused to suffer great mental anguish and physical pain, and was made sick and was rendered less able to work and earn money, and plaintiff's said property was greatly damaged and rendered less valuable, all to his damage in the sum aforesaid, wherefore this suit."

Defendant's plea 2 is as follows:

"(2) Justification, in this: At the time of the alleged trespass defendant was a bonded constable of precinct No. 3, Cullman county, Ala., and a writ of fieri facias or execution issued by W. A. Chance, a justice of peace of precinct 1, Cullman county, Ala., in the case of Earney Bland against the plaintiff, C. R. Folds, came into the defendant's hands as constable, commanding that of the goods and chattels, lands,

and tenements of the said C. R. Folds, defendant, cause to be made the sum of $77, which the said Earney Bland, recovered of him by the judgment of the justice court, held in said precinct 1, Cullman county, Ala., on the 5 day of June, 1924, and $3.25, costs of suit; said execution being issued on the 10 day of June, 1924, on which said justice of the peace made the following indorsement or certificate, to wit: 'I hereby certify that there was a waiver of the right to claim of exemption of personal property as to collection of the debt for which this execution was issued.    This 6/10/24.    W. A. Chance, J. P.'

"And by virtue of said execution defendant, on, to wit, June 26, 1924, at 2:30 o'clock p. m., levied said execution on 'one black Jersey colored cow and released same when the defendant claimed her as exempt,' being the same cow mentioned in the complaint, and took said cow into his possession as constable, and thereafter said plaintiff selected said cow and claimed her as exempt to him under section 7966 of the Code, and the defendant thereupon released said cow from said levy and caused her to be returned to plaintiff."

Brown & Bland, of Cullman, for appellant.

To maintain an action of trespass to personal property the burden rests upon the plaintiff to show that he had actual possession or title and right to immediate possession—absolute dominion over and control of the property for the time being.    Dunlap v. Steele, 80 Ala. 424; Code 1923, § 5668; Birmingham Southern v. Goodwyn, 202 Ala. 599, 81 So. 339.    Failure of plaintiff, in filing his petition in bankruptcy, to claim the property as exempt to him, vested the title in the trustee in bankruptcy, and any right of action for injury to the property vested in the trustee.    Nor. Ala. R. Co. v. Feldman, 1 Ala. App. 334, 56 So. 16.    Such failure of the plaintiff placed the property in custodia legis, and subject to the jurisdiction of the bankrupt court, and so long as the property remained in the custody of the law plaintiff could not maintain trespass.    Joseph v. Henderson, 95 Ala. 213, 10 So. 843; Harmon v. McRae, 91 Ala. 401, 8 So. 548; Davis v. Young, 20 Ala. 151; Nelson v. Bondurant, 26 Ala. 341; McFarland v. Solanes (C. C.) 108 F. 532.    Acts 1915, p. 916, violates section 22 of the Constitution.    Wilson v. Brown, 58 Ala. 62, 29 Am. Rep. 727; Fearn v. Ward, 65 Ala. 33; Nelson v. McCrary, 60 Ala. 301.    The right of plaintiff is determined by Code 1907, § 4237, as amended by the act of 1915, the Code of 1923 not having become effective until after the levy; and if the levy of execution was not void ab initio, trespass is not the proper remedy.    Olmstead v. Thompson, 91 Ala. 130, 8 So. 755.

W. Marvin Scott, of Cullman, for appellee.

The title to the property was not necessarily involved, but only the possession thereof; and possession is a collective fact, not an opinion or conclusion.    Cheek v. Odom,

20 Ala. App. 31, 100 So. 782; W. B. Paterson Co. v. Patrick, 202 Ala. 363, 80 So. 445. To raise the question of exemptions, plaintiff in execution must have contested same in the bankrupt court.    Roy v. Abraham, 209 Ala. 691, 96 So. 883.    Mere possession of a chattel will give a right of action for any interference therewith.    Code 1923, §§ 5668, 5669; Holman v. Ketchum, 153 Ala. 360, 45 So. 206; 38 Cyc. 1031; L. & N. v. Miller, 209 Ala. 378, 96 So. 322.    Filing of petition in bankruptcy did not divest title out of plaintiff, and his title was sufficient to maintain this suit.    Johnson v. Collier, 222 U. S. 538, 32 S. Ct. 104, 56 L. Ed. 306.    The property was not placed in custodia legis; the title to property exempt under state laws remains in the bankrupt.    Lockwood v. Exchange Bank, 190 U. S. 294, 23 S. Ct. 751. 47 L. Ed. 1061; 3 R. C. L. 219; Smalley v. Laugenour, 196 U. S. 93, 25 S. Ct. 216, 49 L. Ed. 400.    A judgment lien never attaches to exempt property.    Brock v. Elson, 211 Ala. 244, 100 So. 94.    If plaintiff did not have personal property exceeding in value $1,000, a selection was unnecessary.    Alley v. Daniel, 75 Ala. 403.    The action of the trial court in granting a new trial should not be disturbed. Newman v. Morgan, 202 Ala. 606, 81 So. 548.

THOMAS, J.    The trial judge gave the general affirmative charge for the defendant and granted a motion for a new trial.    There was for consideration General Acts of 1915, p. 916, amending Code of 1907, § 4237.

The established rule on appeal, challenging such action by the trial court hearing the witness on issues of fact, is as stated in Spivy-Johnson P. Co. v. B. A. I. Ass'n, 210 Ala. 681, 99 So. 80; Newman v. Morgan, 202 Ala. 606, 81 So. 548; Cobb v. Malone, 92 Ala. 630, 9 So. 738.

[1-3] A primary inquiry is as to title and right of maintenance of the suit for damages for the "wrongful taking of a milk cow which was the only milk cow the plaintiff had," in the light of the fact that plaintiff had theretofore declared his bankruptcy by voluntary petition in the federal court, and the record fails to disclose that a trustee had been elected by creditors before the date of the trespass for which suit is brought. It is established by the supreme rule of law governing such property that after the election of a trustee, the original title, possession, or ownership is in effect transferred to the trustee.    And of this we are subject to the federal rule, since Congress has elected to enter that field of activity touching property of the bankrupt as affecting the obligation of his contracts or legal obligations to certain creditors.    The general subject of state law and the conflict with federal authority was considered by this court and is reported as L. & N. R. Co. v. State, 16 Ala. App. 199, 204, 209, 76 So. 505; Webb v. J. G.

White Eng. Corp., 204 Ala. 429, 85 So. 729; Western Union Tel. Co. v. Beasley, 205 Ala. 115, 87 So. 858; State v. Goldstein, 207 Ala. 575, 93 So. 308, for authorities, Levy, Aronson & White v. Jones, 208 Ala. 104, 93 So. 733; Goolsby v. State, 213 Ala. 356, 104 So. 901.

In Johnson v. Collier, 222 U. S. 538, 539, 32 S. Ct. 104, 56 L. Ed. 306; Id., 161 Ala. 204, 49 So. 761, it is declared that while the filing of a petition in bankruptcy operates in the nature of attachment upon choses in action, etc., of the bankrupt, yet his title to property is not thereby divested (Lockwood v. Exchange Bank, 190 U. S. 294, 23 S. Ct. 751, 47 L. Ed. 1061), and he still holds the same in trust as owner, until the appointment and qualification of his trustee in bankruptcy. When the creditors elect that representative by operation of law, he becomes vested with the title of the bankrupt and to all of his properties subject to liens and exemptions provided and protected by law. Until such election and qualification the bankrupt is recognized to have a superior yet defeasible title, which is "sufficient to authorize the institution and maintenance of a suit on any cause of action otherwise possessed by him"; and if the trustee is of the opinion that it is "to the benefit of the creditors," that official may intervene in any suit so commenced by the bankrupt, after his adjudication and before the election of the trustee, and avail himself of the rights and priorities if thereby acquired as to the trust property in question. Thatcher v. Rockwell, 105 U. S. 469, 26 L. Ed. 949.

[4] The right adverted to of intervention by the trustee is no doubt limited to the trust properties that are subject to distribution to creditors and does not obtain to any personal right not cognizable by the bankrupt act or over which it has no control. Roy v. Abraham, 209 Ala. 691, 96 So. 883.

[5] We then inquire of plaintiff's title and possession, or the immediate right of possession required by the law of this state for the maintenance of such action for trespass to such possession and property—an only milk cow. The statutes, sections 5667–5669, Code of 1923, defining possession and injury thereto, and actions for any unlawful deprivation thereof by third persons have been construed by this court in State v. Pensacola, etc., Co., 200 Ala. 144, 75 So. 892, intervention; B. S. R. Co. v. Goodwyn, 202 Ala. 599, 600, 81 So. 339, 340, where a bailment had intervened between the owner's immediate possession and the injury to the property for which damages were sought. This court said of the statute:

"Its manifest purpose was to settle the seeming conflict evidenced by the authority in this state as to the character of possession of a chattel essential to confer a right of action for its loss or injury at the hands of a wrongdoer, and under this statute, 'mere possession,' though 'wrongfully' and 'without title,' 'gives a right of action for any interference therewith, except as against the true owner or the person wrongfully deprived of possession.' To constitute this character of possession, however, the possession must have absolute dominion over and control of the property for the time being."

The evidence before the trial judge granting the motion for a new trial contained tendencies or reasonable inferences (precluding affirmative instruction, McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135) of such possession of the cow in Glasscock's pasture that made it a jury question of the collective fact of possession (Burkett v. Newell, 212 Ala. 183, 101 So. 836; W. B. Paterson Lumber Co. v. Patrick, 202 Ala. 363, 80 So. 445; Cooper v. Slaughter, 175 Ala. 211, 57 So. 477; Wright v. State, 136 Ala. 139, 34 So. 233).

The exemption statute presented for construction is an amendment to section 4237 of the Code of 1907 (Gen. Acts of 1915, p. 916). It is codified as section 7966, Code of 1923. It was of like words, save only the addition of the words, "and one cow and calf." The use of the words, "for any debt contracted after the adoption of this Code,". as touching the exemption of cow and calf, can but be given the meaning of its legislative intent, after the approval of the amendatory act on September 28, 1915.

[6] Another inquiry of fact pertinent to a right decision of this case is that of when the debt was contracted—whether before or after such amendment. If thereafter, a further inquiry of fact is, was said cow the only cow of the plaintiff being, at the time of the levy, in the field of another some distance from plaintiff's home, with several other animals of like kind, and was she selected by the debtor, as required, when the officer took her into possession under the process waiving exemptions? This is to say, was the officer put upon notice and duly informed by the debtor of such exemption and selection? It should be observed that the selection prescribed by the statute that it is not required that the same be made in writing and filed as so required of other exemptions; it being only that an informal yet positive designation of the property be made of the class of exemptions covered by the statute—the purpose being to aid the poor and ignorant and guard such persons and their families from the oppression or inconvenience incident to the delay and uncertainty of making a formal claim of exemptions as is required of the other class of exemptions. Such is the manifest requirement evidenced by a consideration of the legislative history and form of said act. The same intent is manifested by the addition of the words in section 7966 of the Code of 1923 that "any levy upon such property is absolutely void."

The levy was executed June 26, 1924, and

.the Code became effective on August 17, 1924. When, therefore, the levy was made it was not "absolutely void" as in section 7966, Code of 1923, but was subject to avoidance as against the collection of the class of debts created since the approval of that act on September 28, 1915, by the fact of "selection by the debtor" in the informal way we have indicated and dependent upon the state of use, condition, bulk, number, character, or kind of property selected by the debtor. Thus under the law of 1915 active duties of notice as to such property were imposed upon the debtor (Levens v. State, 3 Ala. App. 45, 57 So. 497) while under the 1923 statute the law further protected the debtor in the declared effect and effort of his required selection by declaring any levy upon such property is absolutely void, from and at the time of the levy, if it be selected by the debtor. This construction is, no doubt, indicated in the observation of law and fact in Levens v. State, supra, viz.:

"If that flour was exempt, then the defendant had the right, if he informed the officers that it was all that had been left to him, to say to them that they could not levy upon it, to resist such levy, and to resist his arrest if an arrest was attempted on that account. In other words, if the defendant resisted arrest because the officers attempted to arrest him solely because he would not allow them to levy an attachment upon property which the law exempted to him from such levy, and the defendant had given the officers notice that they had already levied on all his other breadstuffs, then the defendant was, under the law, not the provoker of the difficulty, whether such officers had already levied upon more than sufficient property to satisfy the attachment or not. 'We do not think there is, in law or in reason, any substantial distinction between the levy of an attachment or an execution on the property of a stranger, or the levy upon articles exempt by law from levy and sale, after the sheriff had been warned of the fact that they are exempt. * * * It was the intention of the Legislature that these articles of prime necessity for the comfort of the family should be kept inviolate for its use, and it would, in a great measure, defeat the object of the law, if the defendant was required to submit to such a levy, and seek redress against the officer by action.' State v. Johnson, 12 Ala. 840, 46 Am. Dec. 283; Henderson v. State, 105 Ala. 139, 16 So. 927."

[7] The amended statute, 1915, p. 916, added to the general personal exemption properties of the kind and class indicated and to be selected by the debtor that for reasons of public policy may not be taken from the debtor (though waived in the note bond or evidence of indebtedness) by process of attachment or execution. Such was the effect of our statute as to the $25 not being subject to the process of garnishment, and held merely a limitation on the remedy and not a restraint on the right to waive or contract.

Adams v. Creen, 100 Ala. 218, 14 So. 54; McCormick v. Vaughn, 130 Ala. 314, 30 So. 363; Seay v. Palmer, 93 Ala. 381, 382, 9 So. 601, 30 Am. St. Rep. 57. And the 1915 statute presents no constitutional objection. Const. of Ala., § 22, art. 1, section 10, cl. 1, vol. 1, p. 155, Code Const. U. S. See, also, sections 204–210 of the Constitution for general policy declared on the subject. We have not a case of exemptions before us under section 7966, Code of 1923, declaring the levy "absolutely void," and general authorities as to waiver of exemptions are found in Neely v. Henry, 63 Ala. 261. The right to waive exemptions recognized by the Constitution were of the classes thereinbefore secured by the Constitution (section 210, Const.). They consisted of the $1,000 to be selected (section 204, Const.); the homestead (section 205, Const.); that exempt from administration (section 206, Const.); the widow's (with no children) right to homestead rents and profits (section 208, Const.).

The limitation of the remedy (rather than a restraint on the right of waiver) was the expression of the public policy of the state as to the $25 wage exemption. Adams v. Creen, 100 Ala. 218, 14 So. 54; McCormick v. Vaughn, 130 Ala. 314, 30 So. 363; Seay v. Palmer, 93 Ala. 381, 382, 9 So. 601, 30 Am. St. Rep. 57. And a due exercise of the police power of government (see cases in State v. Goldstein, 207 Ala. 569, 574, 93 So. 308 et seq.) to the end that its citizens be not reduced to beggardom and its needy and ignorant citizens and their families be duly protected in the necessary household articles, food, raiment, etc., warranted, within constitutional limitations, the denial of seizure for debt of such necessary personal properties by way of attachment or execution as against the debtor's own improvident waiver.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.