Transnational Consumer Discount Company *v.*
Kefauver et al., Appellants.

*Alan N. Linder,* with him *J. Richard Gray, Eugene Zenobi,* and *Donald B. Swope,* for appellants.

*Donald H. Yost,* with him *Wogan, Elsesser & Yost,* for appellee.

OPINION BY SPAETH, J., June 14, 1973:

This is an appeal from an order denying a petition to stay execution upon household goods up to $300 in value.

Appellants signed a judgment note and a security agreement containing the standard clause that the signers "waive all relief from all appraisement and exemption laws of any State now in force or hereafter to be passed". Upon appellants' failure to make payment as required by the note, appellee sued upon the note, obtained a judgment by default, and issued execution. When the sheriff levied upon household goods covered by the security agreement, appellants claimed the exemption granted by Section 1 of the Act of April 9, 1849, P. L. 533, 12 P.S. §2161, which provides: "In lieu of the property now exempt by law from levy and sale on execution, issued upon any judgment obtained upon contract and distress for rent, property to the value of three hundred dollars, exclusive of all wearing apparel of the defendant and his family, and all bibles and school books in use in the family (which shall remain exempted as heretofore), and no more, owned by or in possession of any debtor, shall be exempt from levy and sale on execution or by distress for rent."

Because of the waiver clause in the security agreement, however, the sheriff rejected appellants' claim, and the lower court, after hearing, denied appellants' petition to stay execution. The court recognized that the waiver clause did not specifically refer to the Act of 1849. Moreover, the court evidently accepted appellants' testimony that they did not know they had an exemption to waive. Nevertheless, the court said: "The waiver is here stated on the face of the note and in standard type and was not buried in fine print . . . . It is clear from the deposition of the parties that defendants had an ample opportunity to read the loan documents and

that the plaintiff was not guilty of any misconduct or misrepresentation. Defendants were in general aware of the terms of their loan and recognized that their furniture could be taken in the event of their default. However, defendants did testify that they were not aware that they had an exemption, and obviously were not aware that they were waiving the same. In Adams v. Bachert, 83 Pa. 524 (1877), it was held that failure to understand the terms of a waiver in a written instrument would not void its effect in the absence of fraud, or palpable mistake or misapprehension. The facts in Adams are almost identical to the case at bar and we are bound to hold that the waiver was equally valid applying the rule of that case . . . ."

In *Adams* the lower court granted the debtor's motion to open judgment. Two issues had been tried on the motion: "1. 'Whether or not the defendant confessed the above judgment'; 2. 'Whether or not the defendant waived the benefit of the law exempting property from execution.'" *Id.* at 525. On the issue of waiver the trial judge had charged the jury as follows: "This [$300 exemption] is a personal privilege given to the defendant under the statute . . . no man can be held to waive a privilege unless he is informed of that fact. He cannot be held, in law, to have waived the three hundred dollar exemption law, unless knowledge was brought to him at the time he signed the note; and the question then for your determination is: did the defendant know, at the time he signed the note, that it was an exemption note, or, in other words, that he had waived the privilege which the statute conferred upon him . . . ." *Id.* at 525. The Supreme Court reversed, holding that "[w]hen the plaintiffs proved the execution of obligation, they made out their case—a case that could only be impeached by proof that the signature thereto had been obtained by fraud, or through some

palpable mistake or misapprehension of the parties. What if Bachert did not know that the paper he executed contained an agreement to waive exemption? He did not know because he did not inquire . . . . There was no fault on the part of the plaintiffs . . . . Under such circumstances . . . the defendant has no standing in either law or equity . . . ." *Id.* at 526.

The law now is as was stated in *Adams* not by the Supreme Court but by the trial judge: no waiver may be found unless it is also found that the debtor has voluntarily relinquished a right he knows he has.

In *Swarb v. Lennox*, 314 F. Supp. 1091 (E.D. Pa. 1970), *aff'd*, 405 U.S. 191, 31 L. Ed. 2d 138 (1972), the court dealt with the validity of confessions of judgment generally. Since each of the judgment debtors had signed a contract or lease containing a confession clause, the issue of waiver was critical. Said the court: "After a careful examination of the record, we find that there was no intentional waiver of a known right . . . . The evidence indicates that the debtors did not fully understand the rights which they were relinquishing by signing these notes . . . ." *Id.* at 1100.*

In *Johnson v. Concord Mut. Ins. Co.*, 450 Pa. 614, 300 A. 2d 61 (1973), the waiver in question was with respect to uninsured motorist coverage. The pertinent statute provided that "the named insured shall have the right to reject such coverage in writing . . . ." Act of August 14, 1963, P. L. 909, §1, 40 P.S. §2000. In holding that the insured was not bound by the purported waiver, the court said, *id.* at 620, 300 A. 2d at 65: ". . . we must conclude that a waiver of unin-

---

* The fact that the right in the present case is statutory rather than constitutional is immaterial; it is no less a right than "the right to avoid the additional expense of attorney's fees and costs incident to opening or striking off a confessed judgment". *Swarb v. Lennox, supra* at 1100.

sured motorist coverage is effective only if the waiver manifests the intentional relinquishment of this legislatively granted right of insurance protection . . . . We have previously held: '[a] waiver in law is the act of *intentionally* relinquishing or abandoning some known right, claim, or privilege [citations omitted]. To constitute a waiver of legal right, there must be a clear, unequivocal and decisive act of the party with knowledge of such right and an evident purpose to surrender it [citations omitted].' "

Since in the present case the lower court found that appellants did not know of their right to the $300 exemption, the court should have found no waiver of that right and so should have granted the petition to stay execution. It will be observed that this conclusion does not require consideration of appellants' argument that the standard exemption clause should be held invalid as contrary to public policy.

The order of the court below is reversed and the case remanded.