This appeal concerns the validity of a waiver of rights of exemption.
Appellee Household Finance instituted suit in the General Sessions Court of Madison County against Johnny M. Barron and Kathy Barron and appellants Eddie W. Broadway and Dorothy Broadway (parents of Kathy Barron) for the balance due on a promissory note. The complaint alleged the defendants had "waived exemption from execution," and stated by affidavit that Household Finance had complied with all the provisions of Act No. 2052 (Mini-Code), Acts of Alabama 1971 [Tit. 5, §§ 316-41, Code of Alabama 1940 (Recomp. 1958) (Supp. 1973)].
Judgment by default was entered against the Barrons. The Broadways admitted execution of the note but denied they had waived their exemption rights. They contended the waiver of exemptions was unconscionable under Tit. 5, § 327, and so was unenforceable.
The general sessions court entered judgment against the Broadways, but without waiver of exemptions. Appeal was taken to circuit court by Household.
At trial in circuit court, the only issue was whether or not the waiver of exemption as to execution against personal property was enforceable when considered in light of the "unconscionable" provisions of Tit. 5, § 327. *Page 1375 
The testimony of the Broadways was that they went to the office of Household to cosign the note of their daughter and son-in-law; the Broadways had previously secured loans from Household and had vouched for the good credit of their daughter and son-in-law so they could finance an automobile at Household; Broadways could read write and understand, but they did not read the note before signing nor did they ask that it be read or explained to them; they did not know what a waiver of exemption was nor its effect; they did not know a waiver was contained in the note when they signed; the transaction was over quickly; the papers were ready for signature when they arrived at the office of Household; the papers were placed in front of them and they were shown where to sign; no representation or explanation of the contents of the note was made to them; they signed without reading any part, even the large print above the place for signature required by Tit. 5, § 319 (b), cautioning not to sign without reading; no one prevented them from reading the note; had they known what a waiver of exemption was and that the note contained such waiver they would not have signed even though they did not own a thousand dollars of personal property.
After hearing the evidence, the court entered judgment against the Broadways in the amount agreed to be due and with waiver of personal property exemption. The Broadways' appeal asserted two issues as follows: (I) whether enforcement of a written waiver of the personal property exemption requires clear and convincing "proof of an intentional relinquishment of a known right;" (II) whether enforcement of the waiver in the note, without a strict standard of affirmative proof by the plaintiff offends Tit. 5, § 327 of the Code as unconscionable.
Article 10, § 204 of the Constitution of Alabama provides:
 "The personal property of any resident of this state to the value of one thousand dollars, to be selected by such resident, shall be exempt from sale or execution, or other process of any court, issued for the collection of any debt . . . ."
Tit. 7, § 629, Code of Alabama 1940 (Recomp. 1958) provides the same with some additional specified articles. These provisions have been in the Constitution and statutes of this state for more than one hundred years. Brown v. Leitch, 60 Ala. 313
(1877). Their clear purpose is to protect a debtor and his family from deprivation through judgment execution of certain household items necessary to the maintenance of the family unit and possibly prevent them from becoming a burden upon the public's welfare. Coffman v. Folds, 216 Ala. 133, 112 So. 911
(1927); 31 Am.Jur.2d Exemptions § 3. Alabama is one of a small minority of states providing by statute for written waiver of such exemptions. Tit. 7, § 706, Code of Alabama 1940 (Recomp. 1958).[1] It appears to be the only state providing for such waiver in its constitution. Ala. Const. Art. 10, § 210.
In the absence of constitutional or statutory provisions for waiver of exemptions, it has been generally held that an executory agreement, such as a note, to waive personal exemptions is void as being contrary to public policy. 94 A.L.R.2d 974. Such is not the law in Alabama. The constitution and statutes authorizing a written waiver of personal property exemption express the public policy of Alabama. Coffman v.Folds, supra.
Appellants recognize that in Alabama written waiver by a debtor of specified personal property exemptions is permitted. They also recognize that it has been held that the inclusion of such waiver in a note or other written instrument containing an underlying contractual obligation is permissible and enforceable in Alabama. Tit. 7, § 707, Code. Neely v. Henry, 63 Ala. 261
(1879). However, appellant advances a proposition not heretofore presented in *Page 1376 
cases of waiver. That proposition is that proof of a waiver requires more than proof of the debtor's signature to the note; that the claim by a creditor for judgment on the waiver of exemption must be supported by proof of a knowing, voluntary and "intelligent" waiver; without such affirmative proof, the provision for waiver is to be determined unconscionable and unenforceable under the Alabama Consumer Credit Act, Tit. 5, § 327, Code of Alabama 1940 (Recomp. 1958) (Supp. 1973), and the Alabama Uniform Commercial Code, Tit. 7A, § 2-302, Code of Alabama 1940 (Recomp. 1958).
There are cases which appear to be approaching approval of the proposition put forward here by defendants. The United States Supreme Court in recent cases indicated that the standard for waiver of constitutional rights in civil cases may be in the proper factual setting held to be the same standard as in criminal cases, i.e., that it be voluntary, knowing, and intelligently made or an intentional relinquishment or abandonment of a known right and privilege. D.H. Overmyer Co.v. Frick Co., 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124
(1972). Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983,32 L.Ed.2d 556 (1972). However, the necessity for such holding was not presented by the factual setting in those cases. Nor was it truly before the Supreme Court in the case of Swarb v. Lennox,405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972).
We question if there is a reasonable basis for applying the same standard for waiver of constitutional rights in a criminal matter to waiver of constitutional rights by contract in civil matters. In criminal matters waiver of fundamental constitutional rights cannot be presumed in any case but must always be shown to be voluntary, knowing and intentional.Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457,86 L.Ed. 680 (1942). In civil contractual matters, the law has always been that one is presumed to know and intend what he places his signature to. Gunnels v. Jimmerson, 331 So.2d 247 (Ala. 1976).
The constitution of Alabama not only provides the exemption, it also provides for waiver of the exemption and for the manner in which such waiver is to be given. By requiring that the waiver be in writing, it projected it into the law of contract. This is, that one who signs an instrument, even though he is ignorant of its contents, is bound by its terms in the absence of fraud, misrepresentation or deceit. Gunnels v. Jimmerson,supra; 5 Ala. Digest, Contracts, 93 (2).
Defendants rely for direct support of their contention upon the case of Transnational Consumer Discount Co. v. Kefauver,224 Pa. Super. 475, 307 A.2d 303 (1973). The court in that case summarily reversed the law of Pennsylvania as it had been established by the case of Adams v. Bachert, 83 Pa. 524, in 1877. The decision adopted the standard for waiver of constitutional rights in criminal cases, a step which the Supreme Court of the United States has not yet taken. Fuentesv. Shevin, supra.
We are convinced that the Supreme Court of Alabama has long ago stated the principle we must follow in this case. Tit. 7, § 709 of the Alabama Code requires the pleading of waiver in a suit where it is sought to be enforced. It also provides that the pleading may be appropriately controverted. In the case ofGoetter, Weil Co. v. Pickett, 61 Ala. 387 (1878), the defendant controverted the allegation of written waiver of personal property exemption by denying that he had read the note at the time of signing. The supreme court said in regard to that plea as follows:
 "The evidence without conflict showed that he could read and write, and that he had ample opportunity of reading the note before signing it, and that he did read it so far as to ascertain its amount. There was no misrepresentation to him of the contents of the note, and if he has executed an instrument, he did not intend executing, his own negligence without any fraud or deceit of the party with whom he was dealing, is the cause . . . . A party who having full capacity and opportunity to read a paper, and to whom there is no misrepresentation *Page 1377 
of its contents, cannot set up his own want of attention — his failure to read it, as a fact to invalidate it." (Citation omitted.)
The court further said in Neely v. Henry, 63 Ala. 261 (1879), "A waiver of exemption is a contract, and it must be construed, and have the operation and effect of other contracts." Whether there has been a waiver may be determined from a fair and reasonable construction of the contract. Terrell Vincent v.Hurst, Miller Co., 76 Ala. 588 (1884). Tit. 7, § 707 provides that the waiver may be made by separate instrument in writing subscribed by the party, or it may be included in any promissory note, or other written contract executed by him. Though contained therein, the waiver is not a part of the obligation of the note but is an additional agreement which the maker enters into and must be so pleaded in suit. Scarbrough v.City Nat'l Bank, 157 Ala. 577, 48 So. 62 (1908). There must be an adjudication of the fact of waiver and its extent or judgment may not be entered thereon even though there is judgment on the obligation of the note. A.G. Story MercantileCo. v. McClellan, 145 Ala. 629, 40 So. 123 (1905).
It appears to us that the legislature has for more than one hundred years provided statutory protection for the constitutional right of exemption and the constitutional right of waiver. As waiver is a matter of contract, its standard of proof must be that of contract.
The second contention of defendants that the circumstances of the execution of the waiver in this case brings it within the "unconscionable" provisions of Tit. 5, § 327, is not unknown to the common law. An "unconscionable bargain" void at common law was defined by the United States Supreme Court in the case ofHume v. United States, 132 U.S. 406, 10 S.Ct. 134, 33 L.Ed. 393
(1889) as a contract "such as no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other."
In the context of modern consumer and commercial credit codes there are many definitions and variations of unconscionability. In the case of Kugler v. Romain, 58 N.J. 522, 279 A.2d 640, 9 UCC Rep.Serv. 559 (1971), it was said, "the standard of conduct contemplated by the unconscionability clause is good faith, honesty in fact and observance of fair dealing." It has also been said, "Unconscionability relates to contract terms that are oppressive. It is applicable to one-sided provisions, denying the contracting party any opportunity for meaningful choice." Billings v. Joseph Harris Co., 27 N.C. App. 689,220 S.E.2d 361, 18 UCC Rep.Serv. 359 (1975). The Kansas Supreme Court in Wille v. Southwestern Bell Telephone Co.,219 Kan. 755, 549 P.2d 903, 19 UCC Rep.Serv. 447 (1976) enumerated ten factors which have been considered by the courts in determining unconscionability. We will not set them out again here. One or more of those factors may be found in most consumer credit transactions. They relate to the terms of the contract, the status of the parties, the circumstances existing at the time of the making and the relative bargaining or economic ability of the parties. It appears without question if such factors must be considered, that there can be no implicit standard but each case must be considered on its own facts.
The facts in this case are: that defendants were capable of reading and understanding; they requested a loan be made to their daughter and son-in-law; they had previously borrowed money from plaintiff, signed notes with waiver of personal exemption and paid them; they had opportunity to read the note and in fact the note contained a warning in eight-point type to read before signing, as required by the Consumer Credit Act (Title 5, § 319, Code); though contained in the body of the note, the waiver was in clear and plain language and there was no request for explanation of any of the terms of the note prior to signing. Considering such facts, the waiver of personal property exemption was valid and not unconscionable. *Page 1378 
The judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] However, Title 7, § 712, Code, prohibits written waiver of certain specified items and material.