## American Bank & Trust Co. v. Abbott

*Andrew B. Cantor,* of *Wisler, Pearlstine, Talone, Craig & Garrity,* for plaintiff.
*William P. Thorn,* for defendants.

BROWN, *J.,* August 23, 1977 — Some time in January, 1973, George Abbott, operator of a flower shop in Harleysville, had a discussion with Alexander Kondas, branch manager of the Harleysville office of the American Bank and Trust Company, as a result of which $5,800 was borrowed on January 26, 1973. This sum was used to pay off approximately $5,000 owed to the Union National Bank and the balance to purchase additional inventory.

A demand note was executed by George E. Abbott and Dorothy L. Abbott, individually and trading as Abbott's Flower Shoppe. In addition to the note, the Abbotts executed an instrument entitled "Guarantee Agreement," the purported purpose of which was to induce the bank to grant loans or advances or otherwise extend financial accommodation to Abbott's Flower Shoppe. By the terms of that agreement, they guaranteed prompt payment of all obligations of the Flower Shoppe. Their obligation was unlimited in amount. They also agreed without notice to them, that any obligation could be extended, renewed, modified, etc.

The guarantee agreement goes on to waive the need for notice of demand, protest and presentment as well as dishonor. If the borrower fails to perform, the bank may, also without notice, become a secured creditor without releasing the guarantors. Furthermore, if the borrower defaults, dies, files bankruptcy, makes an assignment for the benefit of

creditors or applies for a receiver, etc., the guarantors are immediately liable without demand or notice. At the time of the execution of the documents on January 26, 1973, the Abbotts and Mr. Kondas met in his office. What took place at the conference prior to the execution of the documents is in dispute. Kondas states he explained the nature and meaning of the documents in general terms. The Abbotts, on the other hand, claim no meaningful explanation was given, particularly about the terms and waivers in the guarantee agreement, thereby questioning whether the extensive waiver of rights contained in the guarantee agreement was voluntarily, knowingly, and intelligently made within the meaning of Swarb v. Lennox, 405 U.S. 191, 92 S. Ct. 767, 31 L. Ed. 2d 138 (1972). See also Transnational Consumer Discount Company v. Kefauver, 224 Pa. Superior Ct. 475, 307 A. 2d 303 (1973).

In August, 1973, George and Dorothy Abbott separated and agreed between themselves that Dorothy would give up her interest in the shop and that George would assume all its obligations. George claims that in December, 1973, he advised Kondas of the separation and that he wanted her name removed from all business transactions of the flower shop. At the same time he asked for additional sums for merchandise and Kondas assured him his requests would be granted. Kondas, on the other hand, while admitting that he knew of the separation before the next loan was made, denies any request to relieve Mrs. Abbott of liability.

On January 23, 1974, the bank loaned $6,000 to the business and the note evidencing that debt was executed by George E. Abbott, individually and trading as Abbott's Flower Shoppe. The proceeds of

that loan were used to purchase additional merchandise and to pay off the $5,800 note of the year before, which, by that time, had been reduced to $4,917.64, plus interest. The $5,800 note was marked cancelled.

On March 21, 1974, a new note for $8,500 was executed by George E. Abbott, individually and trading as Abbott's Flower Shoppe and the $6,000 marked cancelled. George maintains that at the time he executed the $8,500 note, he advised Kondas that he and Dorothy were getting divorced and wanted to be sure her name had been removed from all obligations to the bank. Kondas admits no more than he knew they were separated. George and Dorothy were divorced on October 18, 1974, before which their interest in the jointly-owned real estate was conveyed to Dorothy. George defaulted, and on April 23, 1975, a judgment by confession in the amount of $7,282.93 was entered against George and Dorothy pursuant to the cognovit provision contained in the guarantee agreement. On June 2, 1975, Dorothy filed a petition to strike or open the judgment. Depositions in support of the petitions were taken of Dorothy and George Abbott on July 30, 1975. On October 16, 1975, the deposition of Alexander Kondas was taken.

In 1973, Dorothy was 36 years and George 38 years of age. George has a tenth grade education and Dorothy finished high school. In 1972, their combined gross income was $6,872. In 1973, their combined gross income was $9,390.

Dorothy argues strenuously that the guarantee agreement is a nullity as a contract of suretyship, since suretyship by definition, requires a three party relationship: that of debtor or principal, creditor and surety. Abbott's Flower Shoppe was not a

legal entity but a partnership whose principals were the same two persons acting as sureties. Dorothy argues that the three party relationship required for surety was therefore a pretense and the agreement, therefore, is one of two parties, Dorothy and George on the one hand and the bank on the other. Whether this analysis be right or wrong is not necessary for our purposes because it does not follow as Dorothy argues that simply because it fails to meet the requirements of the suretyship relationship it is a nullity. Why should one's "guarantee" of one's own promise to pay be deemed a nullity rather than just another promise of a principal to pay. If the intention of the parties carries weight, certainly, it is unreasonable to assume that they treated it as a nullity. Quite the contrary, it appears clear that its purpose was to secure the loan of $5,800 by making the real estate owned by the Abbotts security for the debt in the event of default. If Dorothy is treated as a principal, then the law of suretyship and in particular the defenses peculiar to a surety are irrelevant to our consideration.

Nevertheless, the judgment must be opened. In the case of Swarb v. Lennox, supra, the Federal court found that the cognovit provisions of Pennsylvania law were constitutionally infirm as denying due process unless it was established there was a knowing, intelligent and voluntary waiver of rights.

In 1973, Pa.R.C.P. 2959 concerned with procedure to be followed upon the filing of a petition to open judgment was amended in sub-paragraph (e) so as to require the judgment be opened if evidence is produced which in a jury trial would require the issue or issues to be submitted to a jury. This rule change was prompted by the critical reception

which the Pennsylvania cognovit practice received from the Supreme Court of the United States in Swarb, supra, and in a footnote in D. H. Overmyer Co., Inc., of Ohio v. Frick Co., 405 U.S. 174, 92 S. Ct. 775, 31 L. Ed. 2d 124 (1972). See also Kardos v. Morris, 470 Pa. 337, 368 A. 2d 657 (1977).

Mrs. Abbott has produced evidence on the issue of waiver which would require it be submitted to a jury within the meaning of the amendment to Pa.R.C.P. 2959(e); and, furthermore, she is within that class of persons, earning less than $10,000 per year, who are entitled to the protection of Swarb.

Among the rights waived in the "Guarantee Agreement" and now subject to the 1973 amendment to 2959(e) was notice of future loans or advances to the Flower Shoppe. Dorothy was not a maker on either the $6,000 or $8,500 notes of January or March, 1974, nor is there any evidence that she was notified by the bank of such loans. If no adequate explanation of the terms and extent of her obligation with regard to such future indebtedness was given at the time she executed the guarantee agreement, then she is under no obligation to underwrite them as a guarantor.

Accordingly, the judgment of April 23, 1975, in the amount of $7,282.93 is opened as to Dorothy L. Abbott. The petition to strike the judgment is denied.

## ORDER

And now, August 23, 1977, defendant Dorothy L. Abbott's petition to open the judgment in the sum of $7,282.93 is granted and the prothonotary is directed to open the judgment as to Dorothy L. Abbott. The petition to strike the judgment is denied.