Plaintiff finance company recovered a judgment against the debtor for the balance due under a delinquent note and for the possession of the pledged vehicle, and the debtor appeals.
To paraphrase debtor's brief, he asserts on appeal that the trial court palpably abused its discretion in: (1) failing to find the interest rate of 29.48% to be usurious and (2) failing to find the terms of the note to be unconscionable.
The largely undisputed facts reveal that the debtor purchased a used 1980 BMW vehicle from B B Sports Car and financed the transaction through the plaintiff finance company. The original amount financed was $5,455.18. At the nonjury trial, debtor testified that he had a college degree in business management; that he could read and understand the documents in question; and that he was "behind" in his payments.
The judgment of the trial court in favor of the plaintiff finance company specifically rejected the debtor's defense of usury. Although debtor did not plead the defense of unconscionability, he urges us, as he apparently did the trial court, to make such a determination. He further argues that the provisions of the "Mini-Code," §§ 5-19-1 through -31, Code 1975, apply to the transaction at hand. We disagree. As above stated, the amount financed under the loan in question was $5,455.18.
In debtor's cited case of E W Building Material Co. v.American Savings Loan Ass'n, 648 F. Supp. 289, 290
(M.D.Ala. 1986), the court said as follows: "The parties concede that Alabama law does not set any usury limits for loans over $2,000."
The court's statement obviously reflects the applicability of § 8-8-5, Code 1975, to contractual situations similar to ours. It reads as follows:
 "(a) Any person or persons, corporations, trust, general partnership or partnerships, limited partnership or partnerships, or association may agree to pay such rate or rates of interest for the loan or forbearance of money and for any credit sales as such person, corporation, trust, general partnership, limited partnership or association may determine, notwithstanding any law of this state otherwise prescribing or limiting such rate or rates of interest; provided, that the original principal balance of the loan or forbearance of money or credit sales is not less than $2,000.00; provided further, that all laws relating to unconscionability in consumer transactions including but not limited to the provisions of chapter 19 of Title 5, known as the Mini-Code, shall apply to transactions covered by this section."
Moreover, § 8-8-5(b) makes the defense of usury unavailable to a borrower under these circumstances.
 "(b) As to any such loan or forbearance of money or credit sales made in compliance with subsection (a) of this section, neither such person, corporation, trust, general partnership, limited partnership or association, nor their heirs, successors or assigns, nor any surety, guarantor, endorser or any other person, firm, partnership, association, trust or corporation which may become liable, in whole or in part, for the payment of the debt and interest agreed to be paid thereon in accordance with the terms hereof, or any extension, amendment or renewal thereof, may raise or claim the defense or benefit of the usury laws or any other law prescribing, regulating or limiting such rate or rates of interest."
We therefore hold that the trial court correctly applied Alabama law to the case sub judice.
Debtor's final assertion, that the interest called for in the note is "unconscionable," is not supported by the evidence. While the rate may be excessive and unusually high, the debtor was free to reject the transaction. "Alabama law provides no implicit standard of unconscionability. Each case must be considered on its own facts." E W Building Material Co.,648 F. Supp. at 290; Broadway v. Household Finance Corp.,351 So.2d 1373 (Ala.Civ.App. 1977). *Page 1028 
It has also been said that "[u]nconscionability relates to contract terms that are oppressive. It is applicable to one-sided provisions, denying the contracting party any opportunity for meaningful choice." Billings v. Joseph HarrisCo., 27 N.C. App. 689, 695, 220 S.E.2d 361, 366 (1975),Broadway, 351 So.2d 1373.
"Rescission of a contract for unconscionability is an extraordinary remedy usually reserved for the protection of the unsophisticated and uneducated." E W Building Material Co.,648 F. Supp. at 291. In our case, however, debtor testified that he "had a college education in business management" and could understand the documents utilized in the transaction.
The evidence clearly supported the judgment of the trial court, and its judgment is therefore due to be, and it is, affirmed.
Both parties' requests for attorney's fees are denied.
The foregoing opinion was prepared by Retired Circuit Judge J. ED TEASE while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.