Crestline Center ("Crestline") appeals from a judgment awarding it damages for past-due rent, interest, and attorney's fees.
Crestline, a partnership, entered into a five-year rental lease with Hinton-Mears, Inc., in June 1985. Thomas F. Hinton and Anderson Mears, shareholders of Hinton-Mears, Inc., executed a guaranty agreement whereby they personally guaranteed "full performance" of the provisions of the lease should default by Hinton-Mears, Inc. occur during the first thirty months of the lease term. The leased premises were used for the retail sale of liquor and related items. When the business failed, Hinton-Mears, Inc. vacated the property in January 1987. By the terms of the guaranty agreement, Hinton was required to pay the rent for the first thirty months of the term.
When the property was vacated, Hinton contacted Engels Realty, the leasing agent for Crestline, and informed them that the business was closed. He asked Engels to find another tenant to lease the property. Hinton made the rental payments required under the guaranty through August 1987. No further payments were made.
The rent was $975 per month for the first year, with a five percent increase over the amount paid in the prior year for each additional year. The lease also made provision for the tenant to pay as "additional rent" a pro rata share of the "operating costs" incurred for, among other things, the upkeep and repair costs associated with the common areas and parking lot. The monthly "additional rent" charge at the commencement of the lease was set at $25 per month; the "actual" charge was to be determined within sixty days after the end of each twelve-month period.
Crestline brought suit against Hinton for breach of the guaranty agreement and for refusal to pay the sums due under the lease and guaranty.
After ore tenus proceedings the court rendered a decree, in pertinent part, as follows:
 "After review of all the evidence, it is the opinion of the Court that the 'Guaranty' in question is, in part, unconscionable (lessor having uncontrolled discretion to change terms, covenants, etc.). It is further noteworthy that the lessor to [Hinton] also became the lessor of the prospective tenant (defendant witness George F. Jones, Jr.) and the same real estate agent was used.
 "Therefore, the court finds a failure on lessor's part to use its best efforts to diminish damages and finds that [Crestline] is hereby awarded damages for three (3) months' rental . . . ($3224.82), *Page 395 
interest of . . . ($144.99), plus attorney's fee of . . . ($1646.25)."
Crestline asserts that the trial court erred by finding that the guaranty agreement is unconscionable and by using this finding to reduce the damages that Crestline would otherwise be entitled to recover.
Though the necessity of strict pleading of the issues tried with the express or implied consent of parties has been eliminated by the Alabama Rules of Civil Procedure, the rules do not provide a trial court with the authority to impose upon the parties relief that is completely different from that contemplated and based upon issues not raised by either party in the pleadings or during trial. Foy v. Foy, 447 So.2d 158
(Ala. 1984).
In Hinton's answer to Crestline's complaint, Hinton essentially asserted (1) that Crestline "effectively terminated the lease on September 10, 1987"; (2) that Crestline breached the lease "by refusing to deal with prospective subtenants or assignees procured" by Hinton; (3) that Crestline "failed to fulfill its duty to mitigate potential damages"; and (4) that Crestline "attempted to divert potential subtenants or assignees to other properties either owned by [Crestline] or over which [Crestline's] management agent had management control." We have carefully reviewed the pleadings, motions, and testimony and find nothing that indicates that Hinton raised "unconscionability" as a defense to Crestline's cause of action. None of the testimony raises, directly or indirectly, any indication that Hinton considered the lease or guaranty, in part or as a whole, "unconscionable." With the record before this court we find a total failure to plead, place in issue, or prove that the lease or guaranty was unconscionable.
"Unconscionability" is regarded as contractual overreaching, oppressiveness, or patent unfairness. Though extreme cases exist where a contract term fairly qualifies for such characterization, they are the exception. Generally, there must be a showing that one party lacked a meaningful choice and a showing of the presence of a contract term which unreasonably favors the other party. See Marshall v. Mercury Finance Co.,550 So.2d 1026 (Ala.Civ.App. 1989); State v. Wolowitz,468 N.Y.S.2d 131, 96 A.D.2d 47 (1983).
Once a court has determined that a contract term or clause is unconscionable, the court has the discretion to: refuse to enforce the entire contract, if it is permeated with unconscionability; strike the unconscionable part or parts; or limit the application of the term or clause to avoid an unconscionable result. Wilson v. World Omni Leasing, Inc.,540 So.2d 713 (Ala. 1989).
The trial court determined that part of the guaranty is unconscionable because Crestline has "uncontrolled" discretion to alter the terms and covenants.
Had the terms or conditions underlying the guarantor's duty been substantially and materially altered, the guarantor would be relieved of his obligation. See Furst v. Shows, 215 Ala. 133,110 So. 299 (1926). There is no evidence to suggest that Crestline changed any of the terms, or covenants, of the lease or guaranty. We find no assertion by Hinton, either in the pleadings or testimony, that the terms or conditions of his obligations were changed or altered in any substantial or material manner.
We find nothing unconscionable about a guarantor's being required to pay according to the terms and conditions of his agreement. Hinton is a real estate broker and developer; the lease and guaranty were executed to enable Hinton-Mears, Inc. to operate a second retail liquor outlet. There is no suggestion that Hinton was "not knowledgeable" or "unsophisticated" in business transactions of the type involved in this case, or that Crestline was in a "superior" bargaining position. The determination that the "guaranty" agreement was in part unconscionable was without foundation, either in fact or law, and constituted error.
The next issue is whether the trial court properly assessed Crestline's damages. *Page 396 
When a tenant abandons the leased premises prior to the expiration of the term agreed upon in the lease, it is the lessor's option to allow the premises to remain vacant and sue the tenant on the contract of renting; or the lessor may end the lease by an unequivocal re-entry into the premises.Ryals v. Laney, 338 So.2d 413 (Ala.Civ.App. 1976); Cobb v.Lee, 44 Ala. App. 277, 207 So.2d 143 (1968).
There is no duty on the lessor to re-let the premises for the benefit of the lessee when the lessee has abandoned the leased premises in violation of the lease. See 52 C.J.S. Landlord and Tenant § 498 (1968); Ryals.
At trial Hinton offered the testimony of George F. Jones, Jr. to establish that Crestline had an opportunity to sublease or lease the property to Jones in the "spring or summer 1987," but Crestline's agent, Engels realty, stated that no rent "concessions" would be granted. Jones eventually located and rented space in "Country Club Park" through "Cooper and Grelier," another real estate agency. Hinton testified that he learned of Jones's interest in the property, and, after learning that Jones had leased other space, he thereafter quit paying the rent under the lease and guaranty. A partner in the Crestline partnership testified that he also owns an interest in "Country Club Park," where Jones ultimately rented space.
The judge questioned Jones about his potential ability to take over Hinton's rental space. Jones stated that, had he been given some type of rent "concessions," such as a couple of months "free" rent, or reduced rent for six months, he would have signed a lease and opened for business in about three months.
We have carefully reviewed the record and find that the trial court failed to properly assess the lessor's damages. It appears that the trial court awarded only an amount representing three months' rent, plus interest and an attorney's fee, instead of an amount representing the remaining term of the guaranty. The finding that Crestline failed to mitigate its damages is in error and is not supported by the evidence. The testimony of Jones would support only a conclusion that he was "interested" in the subject property — but only if the lessor reduced the rent or entirely waived rental payments for a couple of months. The lessor is under no duty to place himself in the position of compromising or prejudicing the rights that he already holds. See Ryals.
Hinton filed a cross-appeal and argues that if Crestline had used its "best efforts" to re-let the premises then Jones would have occupied the property in "March, April, or May" of 1987. Therefore, Hinton would not have been required to pay any monies after March, April, or May 1987. He submits that any award to Crestline is not supported by the evidence. Hinton has cited us to no authority for his proposition, and we do not consider it. Rule 28, Alabama Rules of Appellate Procedure.
Crestline has requested this court to award an attorney's fee for representation on appeal. This request is denied.
The decree below is reversed and the case is remanded for the trial court to properly assess Crestline's damages, plus interest and attorney's fees as provided in the parties' agreements.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the judges concur.