THOMPSON, Judge.
This is the second time these parties have been before this court. The facts of that first appeal are stated in Strait v. Strait, 686 So.2d 1230, 1231-32 (Ala.Civ.App.1996):
“James' Robert Strait (Jimmy) died on May 11, 1995, survived by his wife, Ruby Elaine Strait (Candy), and two sons from a previous marriage, Daniel Isaac Strait (Dan), and James Randall Strait (Randy). On June 16, 1995, Dan Strait filed a petition in the Probate Court of Colbert County to probate his father’s will. Candy Strait contested the will, alleging that her late husband had revoked it. The proceedings were transferred to the Colbert Circuit Court. Randy Strait, who was expressly excluded as a legatee under the will, intervened as a plaintiff in the will contest. Candy Strait later amended her complaint by adding a count requesting a judgment declaring that an antenuptial agreement she had entered into with Jimmy was void and unenforceable.
“Dan, the proponent, filed a motion for a summary judgment, supporting his motion with his affidavit; the affidavit of Lindsey Mussleman Davis, the attorney who drafted the will; excerpts of the depositions of Candy Strait and Randy Strait; and copies of the will and the antenuptial contract. Candy Strait moved for a partial summary judgment on her complaint requesting a declaratory judgment regarding the ante-nuptial contract; her motion was accompanied by exhibits disclosing the assets that had been owned by her late husband. Candy Strait and Randy Strait opposed Dan’s motion for summary judgment, supporting their opposition with Dan’s deposition and Candy’s affidavit. The trial court granted Dan’s motion for summary judgment and further held that the antenuptial agreement was valid and enforceable. The plaintiffs appealed to the Supreme Court, which transferred the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
*829 “The record indicates that in July 1993 Candy Strait and Jimmy Strait married each other for the third time. The day before their wedding, they executed an antenuptial contract in which they each agreed to keep their property separate and to make no claim against the estate of the other. Candy Strait testified in her deposition that she had understood that they were executing the agreement only to avoid having to go back to court in case they divorced again and that the agreement would be changed shortly after the marriage.
“In August 1994, Jimmy consulted his attorney, Davis, regarding the drafting of a will. He met with Davis a few more times to discuss the formulation of his estate plan, and she drafted the will according to his instructions. On September 19, Jimmy met with Davis to review the will and returned to her office the next day, accompanied by Dan, and executed the will. Candy stated in her affidavit that Jimmy told her that the will was only a temporary one and that he would change it. The parties agree that Randy and Jimmy had been estranged since about 1991. However, Randy testified in his deposition that approximately two months before Jimmy’s death, he asked Jimmy about the will and that Jimmy stated that he intended to leave his estate to his family, including all of his grandchildren.
“On May 5, 1995, Davis received a telephone call from Candy who stated that Jimmy wished to see her regarding making some changes to his will. Davis went to Jimmy’s home, where Candy told Davis, in Jimmy’s presence, that Jimmy wanted to change his will to provide for her and ‘the children.’ Davis asked to speak to Jimmy privately. She stated that when they were alone, Jimmy told her ‘the way the will [is], [is] how I want it to be.’ Jimmy died six days later. Candy stated that, after Jimmy died, she attempted to locate the will by looking in the coat pocket where, she said, she had last seen the will, but did not find it. Candy stated that she made no further effort to find the will. The original will that Jimmy kept in his possession >vas not found, and Dan Strait offered for probate a copy of the will that had been kept at Davis’s office.”
This court reversed the trial court’s summary judgment on the issue whether Jimmy Strait had revoked his will, holding that a factual question existed regarding whether Jimmy Strait had revoked the will. However, it affirmed the trial court’s finding that the antenuptial agreement was valid. Strait v. Strait, supra.
The action that forms the basis of this appeal arose on September 3, 1997, when Dan Strait filed an action, individually and as the executor of Jimmy Strait’s estate, seeking damages from Candy Strait. In that action, Dan Strait alleged that Candy Strait filed the will contest action in “direct contravention of the promises she made in the [antenuptial] agreement” and that she had failed to return assets to the estate.
The record indicates that Candy Strait’s attorney filed an answer on September 28, 1997. Candy Strait’s original attorney withdrew from the ease, and on October 27,1997, Rodney B. Slusher filed a notice of appearance as counsel for Candy Strait. On March 5, 1998, Dan Strait’s attorney, Gary L. Jester, filed a motion to postpone the trial. That motion included the following:
“Also, by reviewing the pleadings, it is apparent that Anna M. Williams, the attorney for the Defendant, who has filed her appearance in this case and who has also filed a motion to determine the heirs at law, has mis-styled the case number and has referred instead to an older case which has been disposed of by the Court resulting, probably, in the Defendant’s attorney not being notified (1) of the trial date setting, and (2) not having her motion heard to determine the estate’s heirs. A courtesy copy of these pleadings [is] attached.
“By copy of this motion, I am informing the attorney of the misidentification by case number in order that she can refile her motion and notice of appearance.”
The motion to continue indicated that it was served on both Slusher and Williams.
Jester attached as exhibits to the motion to continue a “notice of appearance” by Anna *830 M. Williams and a motion drafted by Williams entitled “Motion to Determine Heirs at Law of Decedent and Motion for Partial Settlement of Asbestos Proceeds” (hereinafter referred to as the “motion to determine heirs”). Both documents contain a date stamp indicating that they were received by Jester’s law office on December 15, 1997. Both documents are labeled with the case number “CV-96-245-J” and are captioned “In the Circuit Court of Colbert County, Alabama.” Although both documents contain a certificate of service indicating that they were served on both Jester and Slusher, there is no indication in the ease action summary sheet, or anywhere else in the record on appeal, that Williams filed those motions in the trial court. Williams did not file any response in the trial court to address the confusion created by her “motion to determine heirs.”
On March 6, 1998, the trial judge entered an order denying Dan Strait’s motion to continue the trial. That order was served on Jester, Slusher, and Williams. We note that the record contains no indication of when the trial court set the date of trial and no indication whether the parties were notified of that date.
On March 17, 1998, the parties, represented by Jester and Slusher, appeared for trial in Dan Strait’s action against Candy Strait. Williams did not appear. The parties informed the trial court that they had reached a settlement in Dan Strait’s action against Candy Strait. The trial court, apparently believing that the “motion to determine heirs,” attached as an exhibit to the motion to continue, had been filed and was pending, ruled on that “motion.” The trial court found controlling the paragraph in Jimmy Strait’s will awarding Dan Strait any proceeds from actions regarding asbestosis. On March 17, 1998, the trial court entered a written order ratifying the terms of the parties’ settlement agreement and finding that any proceeds from the asbestos litigation were the property of Dan Strait.
On April 10, 1998, Candy Strait filed a postjudgment motion pursuant to Rule 59, Ala. R. Civ. P. In that motion, Candy Strait argued that “prior to this date,” the Probate Court of Colbert County had informed her that she had misfiled the “motion to determine heirs” in that court. She also alleged that she had not filed that motion with the trial court before the date of its March 17, 1998, hearing and order. Candy Strait’s postjudgment motion was denied by operation of law, pursuant to Rule 59.1, Ala. R. Civ. P. Candy Strait appealed.
On appeal, Candy Strait argues that the trial court erred in determining that the proceeds from the asbestos litigation passed according to the terms of Jimmy Strait’s will. However, because another of Candy Strait’s arguments, that the trial court erred in ruling on a motion not pending before it, disposes of this case, this court does not reach the merits of the appeal.
Nothing in the record indicates that the “motion to determine heirs” was filed in the circuit court. We also note that nothing in the record, other than the assertions in the postjudgment motion, indicates that the “motion to determine heirs” was filed in the probate court, as is argued extensively in Candy Strait’s appellate brief. A trial court may not impose upon the parties relief that “is completely different from that contemplated and based upon issues not raised by either party in the pleadings.” Crestline Center v. Hinton, 567 So.2d 393 (Ala.Civ.App.1990) (citing Foy v. Foy, 447 So.2d 158 (Ala.1984)).
We must reverse that portion of the trial court’s judgment that purports to determine which party is entitled to any proceeds from asbestosis litigation. Nothing in the record indicates that the “motion to determine heirs” was filed in the trial court. Williams did not appear at the trial scheduled for Dan Strait’s action against Candy Strait, so the issue was not tried by consent of the parties. The issue was never properly before the trial court..
REVERSED AND REMANDED.
MONROE and CRAWLEY, JJ„ concur.
ROBERTSON, P.J., and YATES, J., concur in the result.