Rel: May 16, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

### CL-2025-0004

_____

## Alabama State Employees Credit Union

### v.

## Devin Jemison

### Appeal from Montgomery Circuit Court
### (CV-24-403)

LEWIS, Judge.

The Alabama State Employees Credit Union ("ASECU") appeals from a judgment entered by the Montgomery Circuit Court ("the circuit court") in proceedings ASECU initiated against Devin Jemison. We reverse the circuit court's judgment.

Procedural History

On September 30, 2024, ASECU filed in the Montgomery District Court ("the district court") a statement of claim as well as a complaint against Jemison requesting a judgment in the amount of $13,109.03, plus court costs and attorney fees. ASECU alleged that Jemison had defaulted on an obligation in a contract with ASECU, that he owed ASECU $13,109.03, that Jemison had agreed to pay attorney fees in the amount of $1,966.35, and that Jemison had agreed to waive his right to claim exemptions from the amount owed. That same day, ASECU filed a waiver of service and a joint motion for a consent judgment, which was signed by the parties. The parties requested that the district court enter a judgment in favor of ASECU and against Jemison that incorporated Jemison's waiver of exemptions and awarded ASECU $15,075.38, plus court costs. The parties attached an agreement dated September 30, 2024 ("the September 30, 2024, agreement"), in which Jemison stated:

> "For valuable consideration, the undersigned hereby agrees to waive his/her exemptions under the laws or the Constitution of the State of Alabama. This agreement is signed in conjunction with a negotiated settlement agreement entered into between the undersigned and the Law … Office of Richard C. Dean, Jr., who represents a creditor to whom I owe money. Further, this waiver of exemptions is authorized under Alabama Law, pursuant to Sections 6-10-120 and 6-10-

2

121, Code of Alabama [1975], and Article X, Section 210 of the Constitution of the State of Alabama. Further, I was able to negotiate a settlement agreement in a case that Richard Dean is handling for one of my creditors, in which I had substantial input into the payment arrangement. Further, I understand he will seek a judgment in a Court case filed against me, which contains a waiver of exemptions. Further, I hereby state and agree that this waiver of exemptions is not sought in conjunction with any agreement to borrow money from a lender at the present time, and therefore, does not violate any state or federal laws or regulations. Further, I sign this agreement voluntarily and of my own free will."

On October 1, 2024, the district court entered a judgment in favor of ASECU "in the amount of $15,075.38, plus costs, without waiver of exemptions." (Emphasis added.) The next day, ASECU filed a notice of appeal to the circuit court.

On October 16, 2024, ASECU filed in the circuit court a waiver of service and a joint motion for a consent judgment, which was signed by the parties. ASECU attached the September 30, 2024, agreement. On October 17, 2024, the circuit court entered a judgment in favor of ASECU "in the amount of $15,075.38, without waiver of exemptions, plus costs." (Emphasis added.) The next day, ASECU filed a postjudgment motion requesting that the circuit court amend its order to provide for a waiver of exemptions. ASECU supplemented its motion on October 25, 2024.

3

After a hearing, the circuit court entered an order on December 4, 2024,

denying ASECU's postjudgment motion, stating:

"This matter came before the Court on December 4, 2024[,] for Hearing on [ASECU's] Motion to Alter or Amend Judgment entered in favor of [ASECU] to include a waiver of exemptions. [ASECU] submitted a Memorandum of Law in support of the waiver of exemptions citing Broadway v. Household Finance Corporation of Huntsville, 351 So. 2d 1373 (Ala. Civ. App. 1977)[,] for the proposition that a waiver of exemptions is permitted under Alabama law. On that point, this Court concurs as the law is clear that a party may waive exemptions provided the waiver is in writing signed by the party against whom waiver is sought. The argument advanced by [ASECU] is, however, more nuanced.

"Although the Complaint in this case … specifically pleads that [Jemison] agreed to waive all rights to claim exemption under Alabama law, that is incorrect with respect to the contract for which [ASECU] seeks recovery. The original contract executed by [Jemison] did not contain a provision (or said provision was not provided to the Court) wherein [Jemison] agreed to waiver of exemptions. Rather, on the same day the Complaint was filed, [ASECU's] counsel negotiated a 'Consent Agreement' with [Jemison] wherein [Jemison] agreed to certain payment terms 'with waiver of exemptions.' While [ASECU] provided the Consent Agreement signed by [Jemison] …, the Consent Agreement imposes a materially different term than that imposed by the contract under which [ASECU] seeks recovery. In other words, while this Court granted the full judgment amount sought by [ASECU], along with attorneys' fees and expenses, as provided by the original contract, [ASECU] seeks enforcement of a Consent Agreement requiring waiver of exemptions between two parties not of equal bargaining capability as [Jemison] clearly owes the debt claimed by [ASECU]. Because the contractual agreement upon which

4

[ASECU's] lawsuit is based does not contain language requiring a waiver of exemptions, this Court declines to impose such a duty upon [Jemison] in the Final Consent Order entered in this case. Accordingly, [ASECU's] Motion to Alter or Amend is DENIED."

On January 3, 2025, ASECU filed in this court a petition for a writ of mandamus. On January 27, 2025, this court entered an order treating the mandamus petition as a notice of appeal.

Discussion

On appeal, ASECU argues that the circuit court erred in declining to provide for a waiver of exemptions in its judgment because, ASECU argues, Jemison had agreed to such a waiver.

"[T]he legislature has for more than one hundred years provided statutory protection for the constitutional right of exemption and the constitutional right of waiver." Broadway v. Household Fin. Corp. of Huntsville, 351 So. 2d 1373, 1377 (Ala. Civ. App. 1977). "The constitution and statutes authorizing a written waiver of personal property exemption express the public policy of Alabama." Id. at 1375. Section 6-10-120, Ala. Code 1975, provides: "Any person, by an instrument in writing, may waive his or her right to an exemption in any property exempt from levy and sale under execution or other process." Section 6-

10-121, Ala. Code 1975, specifies that a waiver of exemptions with respect to personal property "may be made by a separate instrument in writing, subscribed by the party making the same, or it may be included in any bond, bill of exchange, promissory note, or other written contract executed by him or her."

Both waivers and settlement agreements involve matters of contract law. See Broadway, 351 So. 2d at 1377 ("[A] waiver is a matter of contract ...."); Lem Harris Rainwater Fam. Tr. v. Rainwater, 373 So. 3d 1089, 1093 (Ala. 2022) ("A settlement agreement is a contract.") Here, although the parties' original contract did not include a waiver of exemptions, Jemison executed a waiver of exemptions in the September 30, 2024, agreement. The circuit court declined to honor the waiver of exemptions, pointing out that there was no waiver in the original contract. However, as our supreme court has explained: "[P]arties are free to modify agreements, and if the terms of a subsequent agreement contradict the earlier agreement, the terms of the later agreement prevail." Cavalier Mfg., Inc. v. Clarke, 862 So. 2d 634, 641 (Ala. 2003). Moreover, "agreements made in settlement of litigation are as binding on parties thereto as any other contract." Nero v. Chastang, 358 So. 2d 740,

743 (Ala. Civ. App. 1978). Therefore, we conclude that the circuit court erred in declining to give effect to the waiver of exemptions in the September 30, 2024, agreement.

We note that the circuit court also pointed out that the parties had "unequal bargaining power, as [Jemison] clearly owes the debt claimed by [ASECU]."[1] However, there was no ore tenus evidence presented to the circuit court; the circuit court had before it only the September 30, 2024, agreement itself, which referenced "valuable consideration" and "a negotiated settlement agreement." In Blackledge v. Blackledge, 134 So. 3d 891, 893 (Ala. Civ. App. 2013), this court reversed a judgment based on the fact that it did not accord with the settlement agreement because there was no ore tenus evidence presented upon which the circuit court could base its deviation from the settlement agreement. Similarly, in this case, there was no evidence upon which the circuit court could base a deviation from the parties' requested consent judgment. As ASECU points out, "the act of entering a consent judgment in a manner lawfully

---

[1]For an agreement to be unconscionable, there must be "(1) terms that are grossly favorable to a party that has (2) overwhelming bargaining power." Leonard v. Terminix Int'l Co., L.P., 854 So. 2d 529, 538 (Ala. 2002).

7

agreed upon between the parties and within the authority of the court is ministerial." Ex parte Boyd, 417 So. 2d 577, 578 (Ala. 1982) (citing State v. Jones, 252 Ala. 479, 41 So. 2d 280 (1949)); see also Ex parte Lawley, 636 So. 2d 474 (Ala. Civ. App. 1994). Because the circuit court failed to enter a judgment in accordance with the parties' requested consent judgment, we reverse the circuit court's judgment and remand this cause for the entry of a judgment in accordance with this opinion.

REVERSED AND REMANDED.

Moore, P.J., and Edwards and Hanson, JJ., concur.